# LOUISIANA & WESTERN RAILROAD COMPANY *v.* GARDINER.

ERROR AND CERTIORARI TO THE COURT OF APPEAL OF THE STATE OF LOUISIANA, FIRST CIRCUIT.

No. 120. Argued January 12, 1927.—Decided February 21, 1927.

1. Cause held reviewable by certiorari, not error. P. 281.
2. A provision in an interstate bill of lading attempting to restrict the institution of damage suits to two years and one day after delivery of the property is bad under Transportation Act, 1920,

which declares unlawful any limitation shorter than two years from the day when notice in writing is given by the carrier to the claimant that the carrier has disallowed the claim or any part or parts thereof specified in the notice. P. 284.

3. Neither the Cummins Amendment nor the Transportation Act operates, itself, as a statute of limitation upon a suit by a shipper against a carrier for damage to goods. P. 284.

4. In the absence of a federal statute of limitations the local one is applicable to such actions. P. 284.

Reversed.

CERTIORARI to a judgment of the Court of Appeal of Louisiana which affirmed with a modification a judgment against the Railroad recovered by Gardiner for damage to freight. The Supreme Court of the State refused certiorari.

*Mr. Harry McCall,* with whom *Messrs. Philip S. Pugh, George Denegre, Victor Leovy, Henry H. Chaffe,* and *Jas. H. Bruns* were on the brief, for the petitioner.

No appearance for the respondent.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

After the record came here under writ of error the Railroad Company presented a petition for certiorari. The cause is reviewable by certiorari, and the application therefor is granted. The writ of error will be dismissed.

April 3, 1920, the petitioner received from respondent Gardiner at Crowley, Louisiana, various articles consigned to himself at Murray, Kentucky, and issued to him two bills of lading which contained this clause: " Suits for loss, damage or delay shall be instituted only within two years and one day after delivery of the property." The goods were delivered at Murray in bad condition April 15, 1920. He sued to recover for the damage in a Louisiana state court, April 12, 1922. The Company success-

fully relied upon the local statute of limitation—"All actions for loss of or damage to shipments of freight shall be prescribed by two years, said prescription to run from the date of shipment" (Act 223 of 1914).

The Court of Appeal declared: " The liability sought to be enforced is the ' liability ' of an interstate carrier for loss or damages under an interstate contract of shipment · . . . The validity of any stipulation in such a contract which involves the construction of the statute and the validity of the limitation thereby imposed, is a federal question, to be determined under the general law, and as such is withdrawn from the field of state law or legislation. . . . State laws limiting time for bringing suit on interstate shipments are superseded by Carmack Amendment." And it accordingly held the plea of prescription insufficient, reversed the judgment of the trial court and remanded the cause for further proceedings.

On the second trial judgment went for respondent for the full amount claimed. The Court of Appeal reduced this by the amount of the Company's claim for an undercharge and the war tax. The Supreme Court refused a writ of certiorari.

Petitioner maintains that the federal statutes prescribe no limitation and that the state law controls. We think this is the correct view. The court below wrongly construed the federal statutes.

The Carmack Amendment to the Hepburn Act, June 29, 1906, c. 3591, § 7, 34 Stat. 584, 595, added the following provision to Section 20, Act to Regulate Commerce, Feb. 4, 1887, c. 104, 24 Stat. 379, 386.

" That any common carrier, railroad, or transportation company receiving property for transportation from a point in one State to a point in another State shall issue a receipt or bill of lading therefor and shall be liable to the lawful holder thereof for any loss, damage, or injury to such property caused by it or by any common carrier,

railroad, or transportation company to which such prop-
erty may be delivered or over whose line or lines such prop-
erty may pass, and no contract, receipt, rule, or regula-
tion shall exempt such common carrier, railroad, or trans-
portation company from the liability hereby imposed;
*Provided,* That nothing in this section shall deprive any
holder of such receipt or bill of lading of any remedy or
right of action which he has under existing law."

This Court held that bills of lading for interstate ship-
ments issued after the Carmack Amendment must be
construed according to rules approved by the federal
courts and upheld provisions therein which required
claims to be filed within any specified time if reasonable.
*Adams Express Co.* v. *Croninger,* 226 U. S. 491, 505; *Mis-
souri, Kansas & Texas Ry.* v. *Harriman,* 227 U. S. 657,
672; *Missouri, Kansas & Texas Ry.* v. *Harris,* 234 U. S.
412, 420; *Atchison & Topeka Ry.* v. *Harold,* 241 U. S. 371,
377, 378; *St. Louis, I. Mt. & So. Ry. Co.* v. *Starbird,* 243
U. S. 592, 604; *Erie R. R. Co.* v. *Shuart,* 250 U. S. 465,
467; *American Ry. Exp. Co.* v. *Levee,* 263 U. S. 19, 21.

The Cummins Amendment, March 4, 1915, c. 176, 38
Stat. 1196, 1197, modified the Carmack Amendment and
directed—

" That it shall be unlawful for any such common carrier
to provide by rule, contract, regulation or otherwise a
shorter period for giving notice of claims than ninety days
and for the filing of claims for a shorter period than four
months, and for the institution of suits than two years."

The Transportation Act, 1920, c. 91, 41 Stat. 456, 494,
provides—

" That it shall be unlawful for any such common carrier
to provide by rule, contract, regulation, or otherwise a
shorter period for giving notice of claims than ninety
days, for the filing of claims than four months, and for
the institution of suits than two years, such period for
institution of suits to be computed from the day when
notice in writing is given by the carrier to the claimant

that the carrier has disallowed the claim or any part or parts thereof specified in the notice."

The bills of lading issued by petitioner undertook to restrict the institution of suits for loss to two years and one day after delivery of the property. This restriction does not accord with the Transportation Act which declared unlawful any limitation shorter than two years from the time notice is given of the disallowance of the claim, and is therefore ineffective. See *Chicago & N. W. Ry. v. Brewsher,* 6 Fed. (2d) 947. But neither the above-quoted provision from the Cummins Amendment nor the one from the Transportation Act was intended to operate as a statute of limitation. They restricted the freedom of carriers to fix the period within which suit could be brought—prohibited contracts for any shorter period than the one specified.

Here, although the rights of the parties depended upon instruments the meaning and effect of which must be determined according to rules approved by the federal courts, there was no federal statute of limitations and the local one applied. *Campbell v. Haverhill,* 155 U. S. 610, 613, et seq.; *Chattanooga Foundry v. Atlanta,* 203 U. S. 390, 397; *Meeker & Co. v. Lehigh Valley R. R.,* 236 U. S. 412, 423.

The judgment of the Court of Appeal must be reversed, and the cause will be remanded there for further proceedings not inconsistent with this opinion.

*Reversed.*