**SWICK v. GLENN L. MARTIN CO.**

No. 3097.

District Court, D. Maryland.

Oct. 23, 1946.

Abraham Engelman, of Brooklyn, N. Y., and Milton Rothstein, of Baltimore, for plaintiff.

Marbury, Miller & Evans, and Charles C. G. Evans, all of Baltimore, Md., for defendant.

COLEMAN, District Judge.

This is a suit brought by the plaintiff to recover from the defendant company overtime compensation and an additional equal amount as liquidated damages and an attorney's fee alleged to be due the plaintiff under the provisions of the Fair Labor Standards Act of 1938, 29 U.S.C.A. §§ 201–219, for the period between March 5, 1941, and June 14, 1942.

In its answer the defendant set up the defense of limitations, relying upon Chapter 518, Laws of Maryland, 1945, which provides that all claims under the Fair Labor Standards Act shall be brought within three years from the time they accrue, provided, if they have accrued more than two years before June 1, 1945, the effective date of the Maryland statute, as is true with respect to the present claim, they shall be sued on within one year thereafter. Defendant has also moved for judgment on the pleadings and in the alternative, for summary judgment on the same ground. Plaintiff has filed a motion to strike as part of defendant's answer the affirmative defense of limitations on the ground that the Maryland law upon which this defense is based (1) violates Article VI of the Constitution of the United States in that it discriminates against rights arising under Federal laws and (2) violates Section 1 of the Fourteenth Amendment in that its enforcement would result in a denial of the equal protection of the laws as guaranteed by that Section of the Amendment.

Since the present suit was not filed until June 25, 1946, and since, as above stated, plaintiff's claim is alleged to have accrued more than two years prior to June 1, 1945, it is conceded, as it must be by the plaintiff, that if the Maryland statute is valid, it constitutes a complete bar to his recovery. Therefore, the sole question now before us is as the validity of this State statute.

Chapter 518 of the Laws of Maryland, 1945, which became effective on June 1st, 1945, provides as follows: "All actions brought by or on behalf of any employee or employees for the recovery of unpaid minimum wages, unpaid overtime compensation, fees and/or penalties, as the case may be, under the Fair Labor Standards Act of 1938, as amended, shall be brought within three years from the time such cause or causes of action accrued, unless such Fair Labor Standards Act shall prescribe a different period within which such action or actions may be brought; provided, however, that all such subsisting causes of action which accrued more than two years before June 1, 1945, shall be sued on within one year after June 1, 1945, unless such Fair Labor Standards Act shall provide a different period within which such causes of action may be sued on."

The Fair Labor Standards Act of 1938 contains no provision for limitations. The State statute, if valid, is, therefore, applicable. 28 U.S.C.A. § 725. Campbell v. Haverhill, 155 U.S. 610, 15 S.Ct. 217, 39 L.Ed. 280. See also, Pufahl v. Estate of Parks, 299 U.S. 217, 57 S.Ct. 151, 81 L.Ed. 133; Louisiana & W. R. Co. v. Gardiner, 273 U.S. 280, 284, 47 S.Ct. 386, 71 L.Ed. 644; Chattanooga Foundry & Pipe Works v. Atlanta, 203 U.S. 390, 397, 27 S.Ct. 65, 51 L.Ed. 241; Hall v. Ballard, 4 Cir., 90 F.2d 939, 947. At various sessions of Congress since the passage of the Fair Labor Standards Act, bills have been introduced which would insert in that Act a provision for limiting the time within which suits thereunder might be brought. But as yet, no such legislation has been enacted. During the last session of Congress, both the House and Senate passed a bill providing for a two year period of limitations (H.R. 2788, passed by the House May 20, 1946 and by the Senate, July 29, 1946). However, this bill "died" in Congress for the reason that the Senate added an amendment exempting employers from liability for unpaid overtime in certain specified situations, thus making it necessary for the bill to be referred to a conference of both Houses. Because of the adjournment of Congress, such conference was never held.

The general statutes of limitations that are now and were in effect in Maryland at the time the plaintiff's claim is alleged to have accrued are embraced in Sections 1 and 3 of Article 57 of the Annotated Code of Maryland, 1939. Section 1 provides a three year period of limitations for suits on accounts, simple contracts, debts and torts. Section 3 provides a twelve year period for suits on bonds, judgments and other specialties. It is clear from this classification which the Legislature made, and by decisions of the Maryland Court of Appeals construing the same, which it seems unnecessary to analyze or cite here, that these provisions indicate a policy to provide a long period of limitations for obligations whose common characteristic is that proof of their existence is relatively independent of perishable records or of witnesses whose appearance may be rendered impossible by lapse of time. Obligations of this character are usually fixed as to amount and certain as to liability. On the other hand, a much shorter, namely, a three year period of limitations has been provided for causes of action whose common characteristic is their dependence on parole and other evidence extrinsic to some written instrument.

The Maryland Court of Appeals has never been called upon to decide whether actions under the Fair Labor Standards Act arising in Maryland were to be governed by the three or the twelve year limitation. However, two years ago, that is shortly prior to the enactment of Chapter 518 of the Laws of Maryland of 1945, here in issue, this Court, in Bright v. Hobbs, D.C., 56 F.Supp. 723, was called upon to decide this question. We held, as had also a decision in 1943 of the Baltimore City Court (Manhoff v. Thomsen-Ellis-Hutton Co., reported in the Baltimore Daily Record of March 17, 1943) that the twelve year provision applied—unfortunate, from the point of view of efficient administration of the particular law, as the result of such a holding might prove to be. We rested our decision squarely upon what we believed to be the inescapable interpretation of the decision of the Maryland Court of Appeals in Taggart, Ins. Com'r, v. Wachter, Hoskins & Russell, Inc., 179 Md.

608, 21 A.2d 141, 141 A.L.R. 751, which, very briefly summarized insofar as it relates to the point here at issue, is to the effect that where a statute creates a new or increased obligation, as opposed to a restriction of an obligation, the twelve year and not the three year statutory provision applies.

However, for the purposes of the present case, it would serve no purpose to linger upon a consideration of either State or Federal decisions construing the application to Federal laws of the Maryland statute of limitations prior to the enactment in 1945 of the provision here in issue. As already pointed out, there can be no question that, because of the absence of Congressional action, the various State Legislatures were left free to provide periods of limitation governing suits under the Fair Labor Standards Act, provided they did not infringe upon the established constitutional principles surrounding Federal legislation, even though the result has been one of not only great variation in the periods allowed, but of great confusion from the effort to place suits under the Fair Labor Standards Act in their proper limitations category. For example, some decisions have held that an action under the Fair Labor Standards Act is one that is founded upon an oral contract. See Keen v. Mid-Continent Petroleum Corp., D.C., 58 F.Supp. 915, 63 F.Supp. 120, Lorber v. Rosow, D.C., 58 F.Supp. 341. Others have held that the action is founded upon a liability created by a statute other than a penalty or forfeiture. See Culver v. Bell & Loffland, 9 Cir., 146 F.2d 29; Gonzales v. Tuttman, D.C., 59 F.Supp. 858. In still other jurisdictions where the period of limitations for an oral contract and that for a liability created by statute are the same, the Courts have sometimes evaded the issue on the ground that it was unnecessary to determine which statute applied. See Smith v. Continental Oil Co., D.C., 59 F. Supp. 91.

It is clear that even if the Maryland Court of Appeals had been called upon, prior to the enactment of the special statute here in issue, to determine into which category suits in Maryland under the Fair Labor Standards Act fell, and regardless of

which way that Court might have ruled, that is, whether it held that such suits were controlled by the twelve or by the three year limitation in the general statutes, the Maryland Legislature could validly, at any time, have annulled such decision by amending the statutes. However, the Maryland Legislature has seen fit, in advance of any such decision by the Maryland Court of Appeals, to amend the general law by the 1945 enactment but it has limited that enactment to one particular type of suit under one particular Federal statute. It is this singling out of this particular Federal statute by the Maryland Legislature which the plaintiff claims amounts to a forbidden discrimination. We, therefore, pass now to a consideration of the first of the two grounds on which the plaintiff relies, namely, that the Act violates Article VI of the Constitution in that it discriminates against rights arising under Federal laws.

The provision relied on in Article VI of the Constitution is paragraph 2, which reads as follows: "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."

Plaintiff's argument is based upon the theory that under the existing law of Maryland, any right of action which the plaintiff has under the Fair Labor Standards Act exercisable in Maryland, is a right upon a specialty; and that since as respects such rights the Maryland statute provides a limitation of twelve years, to provide a shorter period for rights accruing under the Fair Labor Standards Act is a discrimination forbidden by the provision of Article VI of the Constitution, just quoted.

The fallacy of plaintiff's argument is very apparent. The Maryland Court of Appeals, as we have just pointed out, has never actually decided that a suit under the Fair Labor Standards Act is a suit on a specialty, but even if it had done so, the Maryland Legislature could vitiate such a decision at any time by changing or reclassifying causes of action as respects the period of limitations, provided such changes or reclassifications are reasonable and non-discriminatory, including adding to or subtracting from the enumeration of those causes of action which would henceforth be treated as based on specialties. This, in a limited degree, is what the Maryland Legislature has done. That is, it has seen fit to declare, in effect, that hereafter suits brought in this State under the Fair Labor Standards Act are not to have the same period of limitations as suits on specialties, but shall have no shorter period than is permitted with respect to suits on kindred causes of action at common law by an employee against his employer for wages, which is three years, or by Maryland statute, as, for example, under the Maryland Workmen's Compensation Act where the period of limitations is only one year. Maryland Code 1939, Article 101, Section 51.

It is true that in Maryland the twelve year period does include certain claims based on statutory liability. For example, this is true as respects an action on an award of the State Industrial Accident Commission. See Mattare v. Cunningham, 148 Md. 309, 129 A. 654. Also, it is true as respects suits to enforce statutory liability incident to bank stock ownership. Sterling v. Reecher, 176 Md. 567, 6 A.2d 237. But in such cases, the amount of liability is definitely ascertainable—in the one case, by the award, and in the other, by the statute. In any event, it is significant, as already pointed out, that a three year period is applicable in Maryland to suits that are most akin to suits brought under the Fair Labor Standards Act, that is, suits for wages due under the ordinary oral or written contract of employment, although it is true there is no Maryland statute giving a right of action which is the same as that given by the Fair Labor Standards Act, and also, no such liability at common law. Therefore, it is not strictly accurate to say that the special statute here under review singles out one statute as against other statutes in the same class.

None of the cases upon which plaintiff relies and none that we have found sup-

ports his contention on this ground of discrimination. Recently, the same argument was raised before Judge Chesnut in a series of cases that presented similar facts, and in an oral opinion, he rejected this argument and held the Maryland statute valid. See Warnick et al. v. Bethlehem-Fairfield Shipyard, Inc., 68 F.Supp. 857, decided September 4, 1946.

In the present case, plaintiff relies upon three decisions, Republic Pictures Corp. v. Kappler, 151 F.2d 543, 162 A.L.R. 228, affirmed per curiam, 66 S.Ct. 523, rehearing denied, 66 S.Ct. 804, a decision of the Circuit Court of Appeals of the Eighth Circuit; Davis v. Rockton & Rion R. R., 65 F. Supp. 67, a decision of the District Court for the Western District of South Carolina; and Fullerton v. Lamm, 163 P.2d 941, rehearing denied 165 P.2d 63, a decision of the Oregon Supreme Court.

Taking up these three cases in the order above named, the Republic Pictures Corporation case was an action to recover overtime pay under the Fair Labor Standards Act. The defendant pleaded specially a statute of Iowa which limited the time for commencing actions on claims arising under any Federal statute to a period of six months after the accrual of such claim. In affirming the judgment of the District Court, the Circuit Court of appeals held that this statute was unconstitutional for two reasons: (1) it violated Article VI of the Constitution because it discriminated against claims arising under a Federal statute since the period of limitations for suits on employment contracts in Iowa was ten years if the contract be written and five years if oral; and (2) it violated the Fourteenth Amendment in that its enforcement would result in denying to those asserting claims under the Fair Labor Standards Act the equal protection of the Law. The Court said, 151 F.2d at page 546: "Except the special statute directed at the causes of action arising under federal law, every other limitation on an action at law or suit in equity in the Iowa statutes is directed at the nature of the claim asserted without reference to the authority which creates the right asserted. This is a discrimination against the United States. The action for overtime under the statute is in action on

contract; at least, the federal statute is bottomed upon a contract of employment. As said in Northwestern Yeast Co. v. Broutin, 6 Cir., 133 F.2d 628, 630: 'The federal statute is premised upon the existence of an employment contract. * * * The action for double compensation may be considered as debt or as an action for wages due under the employment agreement.'

"Were it not for the fact that plaintiff's right can be traced to a federal statute, he could have brought his action in five years after its accrual if his contract were not written or he could have brought it in ten years if it were written. His claim or cause of action is discriminated against solely because it arises under a federal statute. This discriminatory treatment of a claim arising under a federal statute in effect makes inferior congressional enactments and rights which under our jurisprudence are intended to be paramount and supreme."

The characteristics of the Iowa statute in the Republic Pictures Corporation case which caused the Court to strike it down do not exist in the statute before us. Instead of suits under the Fair Labor Standards Act being placed by the Maryland statute in an inferior position as resulted from the Iowa statute in the Republic Pictures Corporation case, such suits are placed on a parity with or in a better position than suits based upon similar causes of action.

The Republic Pictures Corporation decision was affirmed per curiam by the Supreme Court, without opinion, but with citation of the three following cases, all of which had been cited by the Circuit Court of Appeals in its opinion: McKnett v. St. Louis & S. F. Ry. Co., 292 U.S. 230, 54 S. Ct. 690, 78 L.Ed. 1227; Pufahl v. Estate of Parks, supra, and Miles v. Illinois Central R. Co., 315 U.S. 698, 62 S.Ct. 827, 86 L.Ed. 1129, 146 A.L.R. 1104. A detailed analysis of none of these cases seems necessary. Suffice it to say that the first one held unconstitutional an Alabama statute because the Supreme Court found it denied to the Courts of Alabama jurisdiction of suits brought under a Federal law; the second case decided that an Illinios statute of lim-

itations which did not discriminate against any type of claim in favor of others of like character, was applicable as a defense against the claim of a receiver of an insolvent national bank against the estate of a deceased stockholder; and the third case decided that Section 6 of the Federal Employers' Liability Act, 45 U.S.C.A. § 56, forbids a State Court to enjoin the prosecution of a suit under that Act in the Courts of another State having jurisdiction under the Act; that is to say, that a State had no right so to control its own citizens to the extent that they could not exercise the Federal privilege of litigating a Federal right in a Court of another State.

It must be clear from the synopses which we have just given of the aforementioned decisions that, while based upon facts entirely different from those here presented, they, nevertheless, tend to oppose rather than support the position of the plaintiff in the present case.

The second case directly relied upon by the plaintiff, Davis v. Rockton & Rion R. R., supra, was, like the present suit, an action to recover unpaid minimum wages, overtime compensation and liquidated damages and attorney's fee under the Fair Labor Standards Act. That case involved the application of a special statute of limitations of South Carolina requiring all suits relating to wages under any Federal statute to be brought within one year from the time of accrual of the demand. Under the general statute of limitations of South Carolina, an action on a contract or an action on a liability created by statute other than a penalty or forfeiture, could be brought within six years after such action accrued. The Court held that the special South Carolina limitation statute was discriminatory and, therefore, unconstitutional because of the disadvantage under which it placed litigants under Federal statutes in relation to litigants in other suits of a like character not brought under a Federal statute, as well as being an unreasonable regulation of interstate commerce. However, this ruling, it should be pointed out, was in the nature of dictum since the District Judge held that the statute was not, in fact, applicable to the case then before it because intended to operate prospectively and not retro-actively, and the suit on the particular claim had been pending on the date when the special statute became effective. However, it is clear that what the Court had to say in the Davis case on the question of discrimination in no sense supports the position of the plaintiff in the present case. The difference between the Davis case and the present one on the question of discrimination is the same as the difference between the Republic Pictures Corporation case and the present one. That is to say, similar periods of limitations are, in fact, applicable to wage contract rights in Maryland whether they arise under the laws of Maryland or under the Fair Labor Standards Act.

The third case directly relied upon by plaintiff, Fullerton v. Lamm, supra, was also under the Fair Labor Standards Act and involved an Oregon statute which imposed on claims for overtime accruing "by any statute" a six months period of limitations, with only ninety days allowed for bringing suit on such claims existing on the effective date of the statute. Laws 1943, c. 265, § 1. By another State statute, a period of six years was allowed for ordinary wage claims. The Court held this special Oregon statute unconstitutional as an attempt to control and limit substantive rights granted by an Act of Congress and also void for indefiniteness and uncertainty. That is to say, the Court ruled that the statute as worded prescribed a period of limitations to run from the performance of the work rather than from the accrual of the cause of action, and that such construction required that the statute be treated not as an ordinary statute of limitations under which the period begins to run only upon the accrual of the cause of action, but as a condition to a substantive right created by Congress. The Court held further that if the Oregon statute be treated as a true statute of limitations, it contained no reasonable basis of classification, since the period of limitations for one case might differ from that for another of the same type because the accrual of each employee's cause of action would depend upon how frequently he was paid.

The aforegoing summary of the decision in the Fullerton case is believed to be entirely sufficient to indicate that the Maryland statute here under review is completely free from all of the features found to be objectionable in the Oregon statute.

Finally, on the question of discrimination, it is appropriate to consider whether, apart from that question in its relation to other Federal or State statutes, the three year provision in the statute here under review, together with the period of one year within which to sue on causes of action accruing more than two years prior to the date of its enactment, is so short as to amount to interference with Federal authority.

■ As long as Congress remains silent with respect to limitations, the States are free to act, provided only they may not assert their authority in such a way as to discriminate against those attempting to assert rights which Congress has given them, which is simply another way of saying that the States may not obstruct the exercise of Federal power. See Campbell v. Haverhill, and like cases, supra.

If we compare the period allowed by the present Maryland statute with the periods allowed by Congress under Federal laws in which Congress has seen fit to incorporate limitation provisions, the reasonableness of the Maryland statute is self-evident. For example, the Federal Employers' Liability Act and also the Jones Act (by incorporation of the limitations provision of the first named Act), which create liabilities presenting questions of proof similar to those arising under the Fair Standards Act, contain a three year period of limitations. See 45 U.S.C.A. § 56 and 46 U.S.C.A. § 688. The Suits in Admiralty Act has a two year period of limitations, with a provision allowing one year for suit on claims existing on the effective date of the Act. See 46 U.S.C.A. § 745.

We have already, in an earlier part of this opinion, alluded to the fact that both Houses of Congress had in fact passed a Bill providing for a two year period of limitations applicable to claims under the Fair Labor Standards Act and that its passage seemed assured but was prevented by adjournment of Congress.

Finally, it is at least of some significance to note that the Administrator of the Wage and Hour Division, in testifying before a sub-committee of the House Judiciary Committee with respect to this Bill (H.R. 2788) advocated a three year period of limitations. See 8 Wages and Hour Reports 657, July 2, 1945.

■ To summarize our conclusions with respect to plaintiff's first contention, namely, that the statute before us is unconstitutional on the ground that it discriminates against rights arising under Federal laws and thereby violates Article VI of the Constitution, we find no merit in this contention or any support for it in any of the reported decisions.

We come, then, finally to the second ground assumed on behalf of the plaintiff in support of his contention that the Maryland statute is unconstitutional, namely, that it violates the Fourteenth Amendment in that to give it application would be a denial to the plaintiff, in his assertion of his claim under the Fair Labor Standards Act, of equal protection of the laws as guaranteed by the Fourteenth Amendment.

■ We are satisfied that what we have already said in this opinion in analyzing plaintiff's first argument is, likewise, a complete refutation of plaintiff's second contention. Equal protection of the laws in the sense it is used in the Fourteenth Amendment implies that all litigants similarly situated may appeal to the Courts for relief under like conditions and without discrimination. With this definition before us we do not understand how it can possibly be said that the Maryland statute violates the amendment. Under the Maryland statute, all persons to whom a right of action accrues under the Fair Labor Standards Act in Maryland have precisely the same rights. Similarly, if the definition of equal protection of the laws which we have given be taken to mean that every employee whose wages are controlled by the provisions of the Fair Labor Standards Act must, as respects his right to sue for wages accrued thereunder, be put on a

parity with all other wage-earners in Maryland as respects their rights to sue for wages accrued under ordinary wage contracts, then clearly there is this requisite parity.

For the reasons herein given, plaintiff's motion to strike from defendant's answer the affirmative defense of limitations must be denied and defendant's motion for judgment on the pleadings must be granted.