Argued April 3, affirmed May 16, 1978

LORD ELECTRIC COMPANY, INC., *Respondent.*
*v.*
PACIFIC INTERMOUNTAIN EXPRESS CO.,
*Appellant.*
(No. A7606-07849, SC 25243)

578 P2d 776

Michael S. Sommers, Portland, argued the cause for appellant. With him on the brief were Robert Kovsky, and Day and Prohaska, P.C., Portland.

Elizabeth G. Patterson, Portland, argued the cause for respondent. With her on the brief were Clifford N. Carlsen, Jr., and Miller, Anderson, Nash, Yerke & Wiener, Portland.

Before Denecke, Chief Justice, and Tongue, Howell, Bryson, Lent, and Linde, Justices.

BRYSON, J.

## BRYSON, J.

Plaintiff (Lord) filed this action against defendant (P.I.E.) to recover damages to property incurred during transit and attorney fees pursuant to ORS 20.080(1). The case was tried before the court on stipulated facts. The trial court entered judgment in favor of plaintiff in the amount of damages as stipulated, together with attorney fees. Defendant appeals.

Defendant's sole assignment of error is:

"The court erred in failing to determine as a matter of law that the plaintiff failed to commence its action within 2 years and one day from the date of refusal to pay claim pursuant to the terms of the bill of lading and in awarding attorney fees to plaintiff pursuant to ORS 20.080."

The parties stipulated as follows:

"(1) Lord Electric is authorized to do business in the State of Oregon. PIE does business in interstate commerce and is licensed by the Interstate Commerce Commission (ICC).

"(2) Lord Electric purchased ducts and raceways from H. H. Robertson Co. of Pittsburgh, PA. Robertson shipped the material by PIE, *freight prepaid,* to Lord on March 12, 1973. Robertson issued its Bill of Lading, Exhibit 'A' signed by both PIE and Robertson. Lord has never received a copy of Exhibit 'A'. The material was loaded by Robertson, in good order. PIE was the only carrier.

"(3) The goods were delivered in a damaged condition on March 20, 1973. Damage occurred during transit. An employee of Lord signed a freight receipt, Exhibit 'B'.

"(4) The freight receipt notes the damage and is signed by R. Pheifer, PIE and R. Lestes, Lord.

"(5) Lord made a written claim upon PIE on May 24, 1973 for $465.00 Exhibit 'C' for repair of the raceways. PIE denied the claim on June 22, 1973, Exhibit 'D'.

"(6) This suit was filed September 23, 1975.

"(7) The sum of $465.00 is the reasonable repair value of the ducts and raceways."

Defendant relies on 49 USCA, Sec 20(11), the so-called Carmack Amendment, which provides, among other things:

"* * * [I]t shall be unlawful for any such * * * common carrier to provide by rule, contract, regulation, or otherwise a shorter period * * * for the institution of suits than two years * * *".

The bill of lading between the shipper, H. H. Robertson Co., Pittsburgh, Pennsylvania, and defendant, P.I.E., provided:

"* * * [S]uits shall be instituted against any carrier only within two years and one day from the day when notice in writing is given by the carrier to the claimant that the carrier has disallowed the claim * * *. Where claims are not filed or suits are not instituted thereon in accordance with the foregoing provisions, no carrier hereunder shall be liable, and such claims will not be paid."

■ Defendant argues that since the two year and one day period of limitation contained in the bill of lading was in conformity with the federal law which preempts the field, plaintiff is precluded from recovery as the case was not filed within the two year and one day period following plaintiff's claim, which was disallowed on June 22, 1973. This case was filed September 23, 1975.

At the outset we observe, as argued by plaintiff, that plaintiff-consignee did not sign or receive a copy of the bill of lading and did not know its terms. The contract was the recognized form bill of lading executed by the shipper, H. H. Robertson Co., and defendant-carrier. H. H. Robertson Co., shipper, and P.I.E., carrier, were authorized by law to and did contractually shorten the applicable period of limitation. See ORS 12.080(4) (six-year statute of limitations for property damage).

Defendant, nevertheless, contends that plaintiff was bound by the terms of said bill of lading, including the limitations provision.

[ 338 ]

The defendant relies upon a number of cases in support of its position, but our examination of those cases reveals that in each instance the parties involved in the litigation were the shipper and the carrier, parties to the bill of lading, or an action where the consignee, in its pleadings, relied on the bill of lading as a basis for its claim against the carrier. Apropros is *Leigh Ellis & Co. v. Davis,* 260 US 682, 689, 43 S Ct 243, 67 L Ed 460 (1923), where the court stated, "statutes of the states where the goods were shipped and the suit was brought do not affect *the contract,* and the reasonableness of the limitation is a matter of law." (Emphasis added.)

In *Adams Express Company v. Croninger,* 226 US 491, 506, 33 S Ct 148, 57 L Ed 314 (1913), the court stated:

"* * * The duty to issue a bill of lading, and the liability thereby assumed, are covered in full; and though there is no reference to the effect upon state regulation, it is evident that Congress intended to adopt a uniform rule and *relieve such contracts* from the diverse regulation to which they had been theretofore subject." (Emphasis added.)

As stated, each of the above cases and those similar cited by defendant involve parties to a bill of lading, the shipper and the carrier.

Defendant also cites two Oregon cases to support its position, *Zoller Hop Co. v. Southern Pac. Co.,* 72 Or 262, 143 P 931 (1914), and *Coos Bay A. Co. v. American Ry. Exp. Co.,* 129 Or 216, 277 P 107 (1929). In *Zoller Hop Co.,* plaintiff, an Oregon shipper, brought suit against the carrier alleging negligence in shipping an interstate consignment of 100 bales of hops for plaintiff in a leaky car. The Oregon court relied upon the federal cases and the Interstate Commerce Law as it existed at that time and concluded (72 Or at 275) that "[t]he parties could not lawfully make any contract about the interstate carriage of goods that is not authorized by the published tariff." Again, *Zoller Hop Co.* was a case between parties to the bill of

lading, the shipper and the carrier, and is not relevant to this case.

In *Coos Bay A. Co.,* plaintiff contracted with defendant common carrier to ship a motion picture film from Seattle, Washington, to Marshfield, Oregon, and when the film did not arrive in time, plaintiff brought action claiming the defendant shipper was negligent. The court held:

"Otherwise stated, plaintiff, in consideration of having obtained the lowest rate published and on file with the Interstate Commerce Commission, expressly agreed to release the defendant from liability in excess of $50 for any 'loss, damage or injury,' to property shipped. * * *" 129 Or at 221.

In that case the plaintiff relied upon the terms of the bill of lading to show that defendant carrier had negligently failed to perform the same.

We conclude that defendant has not submitted any supporting authority covering the situation in this case where plaintiff was not a party to the bill of lading. In *Louisiana & Western R. Co. v. Gardiner,* 273 US 280, 284, 47 S Ct 386, 71 L Ed 644 (1927), the court stated:

"* * * [Neither the Carmack Amendment nor subsequent amendments thereto] was intended to operate as a statute of limitation. They restricted the freedom of carriers to fix the period within which suit could be brought—prohibited contracts for any shorter period than the one specified."

In this case the defendant carrier, in its contract with the shipper, H. H. Robertson Co., contracted in the bill of lading that the period of limitation would be two years and one day, but the plaintiff was not a party to that contract.

In *Hoagland v. Railway Express Agency,* 75 So 2d 822, 824 (Fla 1954), the court stated:

"* * * In the absence of such a contractual limitation * * * the applicable state statute of limitations is applied. * * *" (Citing *Louisiana & Western R. Co. v. Gardiner,* 273 US 280, 47 S Ct 386, 71 L Ed 644 (1927).)

In *Zoller Hop Co. v. Southern Pac. Co., supra* at 275, this court held:

"* * * Congress having assumed exclusive authority over interstate commerce, and invested the Commission with power to control rates, rules and regulations affecting the carriage of property in trade from state to state, the Commission's approval of those rates, rules and regulations is conclusive of their justice and reasonableness as between the *shipper* and the *carrier* in any litigation of this sort. * * *" (Emphasis added.)

Here this action does not involve the shipper and the carrier and it does not follow that the federal rules are all-inclusive or that they necessarily preclude the operation of remedies which are not in conflict with the federal regulation or which deal with areas of law not covered by the federal law. There being no contractual limitation period binding on the parties in the present action, the appropriate Oregon statute of limitations controls. ORS 12.080(4) (six-year period).

2. The defendant also contends that the court erred in awarding attorney fees to plaintiff pursuant to ORS 20.080(1).[1] The only record in this court is the trial court file, which shows that the trial court awarded attorney fees as part of the costs of the action pursuant to the "Statement of Costs and Disbursements Claimed * * *" filed April 29, 1977. Defendant filed no objections to the cost bill and made no further objection to attorney fees before the trial court. *See Tiano v. Elsensohn,* 268 Or 166, 170, 520 P2d 358 (1974); *Farley v. United Pacific Ins. Co.,* 269 Or 549, 562, 525 P2d 1003 (1974). The matter was raised for the first time on this appeal. This court has consistently held that we will not consider an assignment of

_____

[1] ORS 20.080(1):

"(1) In any action for damages for an injury or wrong to the person or property, or both, of another where the amount pleaded is $1,000 or less, and the plaintiff prevails in the action, there shall be taxed and allowed to the plaintiff, as a part of the costs of the action, a reasonable amount to be fixed by the court as attorney fees * * *."

error such as this where it is raised for the first time on appeal.

Affirmed.