**RYDER TRUCK LINES, INC., Plaintiff,**

v.

**CONSOLIDATED RAIL CORPORA-TION, Russ's Motor Service, Inc., General Trailer Sales Corp. and Agri-Share Cooperative, Inc., Defendants.**

No. 83 C 4506.

United States District Court,
N.D. Illinois, E.D.

Jan. 12, 1984.

Steven C. Weiss, Ronald M. Hill, Abraham Diamond Ltd., Chicago, Ill., for plaintiff.

Gary W. Fresen, Baker & McKenzie, Chicago, Ill., for defendant, Consolidated Rail Corp.

Donald J. Moran, Pederson & Houpt, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

■ Plaintiff Ryder Truck Lines ("Ryder") sued Consolidated Rail Corp. ("Conrail"), Russ's Motor Service, Inc., General Trailer Sales Corp. and Agri-Share Cooperative, Inc., seeking indemnity. Jurisdiction is asserted pursuant to 28 U.S.C. § 1337. Presently before the Court is Conrail's motion to dismiss Counts I and II. We shall treat Conrail's motion as a motion for summary judgment.[1] For reasons set forth below, Conrail's motion is granted.

Ryder arranged for the transportation of chocolate products from Nestle, the shipper, in Fulton, New York, to California on

---

1. Conrail has submitted a number of documents in support of its motion to dismiss, specifically a bill of lading between it and Ryder and a copy of Conrail's Divisions Charges and Rules. Extrinsic evidence, however, may not be considered in resolving motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). *Grand Opera Co. v. Twentieth Century Fox Film Corp.,* 235 F.2d 303, 307 (7th Cir.1956). We therefore will treat Conrail's motion as a motion for summary judgment and consider pertinent extrinsic evidence.

*Thillens, Inc. v. The Community Currency Exchange Association of Illinois,* No. 81 C 3323 (N.D.Ill. March 19, 1982). Because we believe that this matter raises no disputed material factual issues, notice of the conversion of Conrail's motion to dismiss into a motion for summary judgment is not necessary. *Milwaukee Typographical Union No. 23 v. Newspapers, Inc.,* 639 F.2d 386, 391 (7th Cir.1981), *cert. denied,* 454 U.S. 838, 102 S.Ct. 144, 70 L.Ed.2d 119 (1981).

June 10, 1981. Conrail transported the products to Chicago; Russ's Motor Service, Inc. picked them up and sent them to another railroad's ramp. From there the Atchison, Topeka and Santa Fe Railway forwarded the products to California. Upon their arrival, it was discovered that the chocolate was "heat struck." [2] Nestle submitted a claim for the value of the shipment to Ryder, who paid the claim on July 22, 1982. Pursuant to 49 U.S.C. § 11707(a)(1), Ryder as the receiving carrier was liable to Nestle regardless of whether Ryder caused such damages. Ryder presently seeks indemnity under 49 U.S.C. § 11707(b), which provides that

[t]he carrier issuing the receipt or bill of lading under subsection (a) of this section or delivering the property for which the receipt or bill of lading was issued is entitled to recover from the carrier over whose line or route the loss or injury occurred the amount required to be paid to the owners of the property, as evidenced by a receipt, judgment, or transcript, and the amount of its expenses reasonably incurred in defending a civil action brought by that person.

■ Conrail claims that Counts I and II should be dismissed because Ryder did not file a written claim against it within nine months. In support of its argument, Conrail cites the Carmack amendment, 49 U.S.C. § 11707(e),[3] the applicable tariff and the bill of lading between Ryder and Conrail.

■ Ryder has admitted that it did not file a claim for the alleged damages in writing with Conrail within nine months after the chocolate products were delivered to Russ's Motor Service. According to Conrail's Divisions, Charges and Rules,

[a]s a condition precedent to recovery, claims must be filed in writing with the receiving or delivering railroad carrier within nine months after delivery of trailer to motor carrier....[4]

In support of its position, Ryder emphasizes the rule that an indemnity action does not accrue until the indemnitee has made payment. According to Ryder, the relevant limitations period did not begin until Ryder paid Nestle, thirteen months after the loss. In *Federal Commerce & Navigation Co. v. Calumet Harbor Terminals, Inc.*, 542 F.2d 437 (7th Cir.1976), the Seventh Circuit refused to apply a limitations period contained in a tariff filed with the Federal Maritime Commission. As Ryder maintains, the Court indeed held that a right of indemnity accrues when the party asserting it suffers a loss by being held liable in damages. *Id.* at 441. But *Federal Commerce*, a maritime case, is distinguishable from the present case. No bill of lading was involved in that action, and the Court held that "in the absence of actual notice or contract, [the tariff provision is not] applicable or enforceable to bar or restrict the alleged claims of Federal for indemnity." *Id.* at 440. Here, the bill of lading in effect between Ryder and Conrail contained a limitations period with which Ryder did not comply. Such a clause has been enforced in indemnity cases. *E.g., U.S. Steel International, Inc. v. SS Lash Italia*, 439 F.Supp. 365 (S.D.N.Y.1977). *See also American Chicle Division, Warner Lambert Co. v. M/V Mayaguez*, 540

---

**2.** Although the parties have not defined "heat struck" in their briefs, we assume the chocolates in question had been discolored or otherwise damaged after melting and rehardening.

**3.** The portion of the Carmack amendment at issue provides, in pertinent part, that

[a] carrier may not provide by rule, contract, or otherwise, a period of less than 9 months for filing a claim against it under this section and a period of less than 2 years for bringing a civil action against it under this section. 49 U.S.C. § 11707(e). This section, however, is not a statute of limitations, but rather, a statuto-

ry determination of what is a reasonable period of limitations for a carrier to impose. *Louisiana & Western R.R. Co. v. Gardiner*, 273 U.S. 280, 284, 47 S.Ct. 386, 388, 71 L.Ed. 644 (1927); *Westhemeco Ltd. v. New Hampshire Insurance Co.*, 484 F.Supp. 1158, 1161 (S.D.N.Y.1980).

**4.** A short form bill of lading between Conrail and Ryder, which Ryder admitted it executed, contains the term "Plan 1" on its face. Plan 1 refers to Conrail Divisions Charges and Rules, in which the limitations period cited in the text appears.

F.Supp. 166 (S.D.Tex.1981) (compliance with nine-month limitation period in ICC's Uniform Bill of Lading held mandatory). We therefore believe that Ryder may not presently assert its claim against Conrail.

Accordingly, Conrail's motion for summary judgment is granted. It is so ordered.