**YAMAZEN U.S.A., INC.,**
**Plaintiff-Appellant,**

v.

**CHICAGO AND NORTHWESTERN TRANSPORTATION COMPANY and Union Pacific Railroad Company, Defendants-Appellees.**

No. 85–2317.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 20, 1986.

Decided May 12, 1986.

James K. Joyce, Heineke, Burke & Healy, Chicago, Ill., for plaintiff-appellant.

John T. Van Gessel, Chicago and Northwestern Transp. Co., Chicago, Ill., for defendants-appellees.

Before WOOD, CUDAHY and RIPPLE, Circuit Judges.

CUDAHY, Circuit Judge.

Yamazen U.S.A., Inc. ("Yamazen") appeals from a dismissal of its claims against the Chicago and Northwestern Transportation Company ("Chicago and Northwestern") and the Union Pacific Railroad Company (the "Union Pacific"). A milling machine ordered by Yamazen was allegedly damaged during shipment aboard defendant's trains. Although the railroads re-

fused Yamazen's initial claim, Yamazen waited over two-and-a-half years before filing suit. The District Court for the Northern District of Illinois dismissed Yamazen's claim because it exceeded the parties' agreed-upon limitations period. Yamazen contends that the limitations period violates the Carmack Amendment, 49 U.S.C. § 11707, and is therefore void. We affirm.

Yamazen arranged to have its milling machine shipped from Japan to Chicago. The machine was shipped at Union Pacific's "exempt freight" rate, under which the consignor agrees to certain liability restrictions in exchange for a reduced fare. The machine was transported from Japan to Seattle by ship. There it was loaded onto a Union Pacific train which carried the machine to Nebraska. In Nebraska the Union Pacific car was transferred to a Chicago and Northwestern train for final delivery to Chicago.

On June 15, 1982, the milling machine was apparently damaged in a flat car collision. On June 24, 1982, Yamazen sent Chicago and Northwestern a preliminary claim advising of damage to the machine and providing the bill of lading numbers and other shipping information. The preliminary claim did not state the amount of damage, however, as was required by the parties' shipping agreement. On July 1, 1982, Chicago and Northwestern informed Yamazen that it would not act on the preliminary claim because it was missing required information. Yamazen sent Chicago and Northwestern an estimate of damages in May 1983 but the railroad did not respond.

Yamazen then waited until February 1985—two years and seven months after first hearing of the railroads' refusal to take action—before filing suit. After Yamazen's complaint was filed, Chicago and Northwestern and Union Pacific jointly filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Their motion noted, first, that the shipping agreement provided that any claim "shall be filed in writing and received by the carrier within nine months

of the date of delivery of the shipment ..." and that Yamazen did not file a proper complaint within this period. Second, they noted that the shipping agreement required that any lawsuit must be instituted within one year from the date of the claim disallowance letter. To the extent a claim was made, defendants argued, it was disallowed by the July 1982 letter. Since Yamazen did not file suit until 1985, it filed well past the specified limitations period.

Yamazen responded that the one year limitations period was void as violating the statutory requirements for exempting freight. Yamazen suggests that the Staggers Act, 49 U.S.C. § 10505, requires that all contracts exempting freight must still adhere to the Carmack Amendment, 49 U.S.C. § 11707, which states that a carrier must allow at least two years for the filing of civil claims against it under section 11707.

The district court granted defendants' motion. Even if the Staggers Act required a two year limitations period, the court noted, Yamazen did not file until seven months after this period had elapsed. Yamazen now appeals.

## I.

To improve the financial health of the railroad industry and to strengthen its competitive opportunities, Congress passed the Staggers Rail Act of 1980 (the "Staggers Act"), 95 Stat. 1895. *See American Trucking Associations v. Interstate Commerce Commission* ("ICC"), 656 F.2d 1115, 1118 (5th Cir.1981). The Act acknowledged that federal regulation had contributed to the railroad industry's financial weakness, *see* Congressional Declaration of Findings, Staggers Act at § 2, and directed the ICC to exempt carriers from certain statutory regulation when regulation was not necessary to further national transportation policy, when the transaction or service involved was of limited scope or when regulation was not needed to protect shippers from the abuse of market power. 49 U.S.C. § 10505(a). The Act places certain

limitations on deregulation, however. One such limit is set forth in § 10505(e):

No exemption order issued pursuant to this section shall operate to relieve any rail carrier from an obligation to provide contractual terms for liability and claims which are consistent with the provisions of section 11707. Nothing in this subsection or section 11707 of this title shall prevent rail carriers from offering alternative terms....

Section 11707(e) states:

A carrier may not provide by rule, contract, or otherwise, a period of less than nine months for filing a claim against it under this section and a period of less than two years for bringing a civil action against it under this section. The period for bringing a civil action is computed from the date the carrier gives a person written notice that the carrier has disallowed any part of the claim specified in the notice.

Yamazen interprets the statute to mean that in all cases shippers must have at least two years to file suit. Since the one year period agreed to by the parties is less than two years, Yamazen contends, it is void. Yamazen also argues that section 11707(e) only sets forth the minimum time that must be allowed for filing but not the maximum. It therefore concludes its suit is timely.

■ Section 10505(e), a part of the Staggers Act, was designed to limit the ICC's power to unilaterally excuse the railroads from their section 11707 duty to offer shippers a two-year filing period. However, so long as shippers have the option of a two-year period, nothing in the Staggers Act prevents carriers and shippers from bargaining for a different filing period. *See* House Conference Report No. 96–1430, 96th Cong.2d Sess. at 104–05, *reprinted in* [1980] U.S.Code Cong. & Admin.News 3978, 4110, 4136–37 ("[Section 10505(e)] places certain limits on the *Commission's* authority to grant exemptions. First, section 10505(e) provides contractual terms for liability and claims consistent with section 11707. This limitation does not affect the ability of a *carrier* to offer alternative terms....") (emphasis added). Yamazen's interpretation is incorrect because it ignores the last clause of section 10505(e) which states that a carrier may still offer alternative terms to section 11707. *See Fruitco Corp. v. Consolidated Rail Corp.*, 118 Misc.2d 1090, 462 N.Y.S.2d 754, 757 (N.Y.Civ.Ct.1983) ("The option under the second sentence of section 10505(e) permits the carrier to offer other terms or alternatives to those consistent with [§ 11707(e)]").

■ In this case, Union Pacific and Chicago and Northwestern offered Yamazen the option of section 11707 liability. The pertinent clause in the shipping agreement states that "Consignor may at his option specify in the Bill of Lading that the shipment shall move under the liability provisions set forth under 49 U.S.C. section 11707, in which case the rate shall be 125 percent of the applicable rate subject to this circular." Yamazen shipped the goods under the less expensive exempt freight rate. In exchange for the less expensive rate, Yamazen agreed to certain liability restrictions. It cannot now complain because it could not comply with these restrictions.

■ Moreover, even if the two year minimum period specified in section 11707(e) applied, Yamazen's complaint would still be untimely. Yamazen argues that section 11707 does not establish a statute of limitations. Courts have similarly held that 11707 does not operate as a rigid statute of limitations but rather sets forth a reasonable time limit for filing. *See Ryder Truck Lines, Inc. v. Consolidated Rail Corp.*, 580 F.Supp. 22 (N.D.Ill.1984). However, in this case, Yamazen waited two years and seven months after hearing of Northwestern's refusal to acknowledge its claim before pursuing legal action. The company offers no excuse for its tardiness and no argument why two years and seven months is still a reasonable time to file. On these facts the district judge could properly conclude that Yamazen's suit was

filed after a reasonable time period had elapsed.[1] The district court's dismissal of action is therefore AFFIRMED.

1. We agree with the district court that to the extent Yamazen filed a claim with Chicago and Northwestern, Chicago and Northwestern's July 1, 1982 letter amounted to a "disallowance." Admittedly, the letter did not reject Yamazen's purported claim after a full consideration of its merits, but we think the district court's determination was not clearly erroneous. Were a letter of this sort not considered a "disallowance" the period of limitations on suits might be extended indefinitely. Since Yamazen's lawsuit was not filed within the contractual time limit, we need not determine whether its preliminary letter to Chicago and Northwestern satisfied the statutory requirements for a "claim."