The DRESS BARN, INC.,

v.

The LTA GROUP, INC.

Civ. No. 5:92–561 (WWE).

United States District Court, D. Connecticut.

May 17, 1993.

Steven M. Frederick, Wofsey, Rosen, Kweskin & Kuriansky, Stamford, CT, for plaintiff.

Frederic S. Ury, Rubenstein & Ury, West-port, CT, Louis J. Maione, New York City, for defendant.

## RULING ON MOTION TO DISMISS

EGINTON, Senior District Judge.

Plaintiff, Dress Barn, Inc. ("Dress Barn"), brought this four count action, alleging that defendant, the LTA Group, Inc. ("LTA"), is liable under 49 U.S.C. § 11707, that it breached its contract with Dress Barn, and that it violated other common law duties. LTA has moved to dismiss this action pursuant to Fed.R.Civ.P. 12(b)(1), (3) and (6). For the reasons set forth below, the motion will be granted in part and denied in part.

### FACTS

Dress Barn is a Connecticut corporation with its principal place of business located in Stamford, Connecticut. LTA is a Delaware corporation with its principal place of business located in North Bergen, New Jersey. In February or March of 1990, the parties entered into an agreement whereby LTA agreed transport cartons of Dress Barn merchandise from Dress Barn's Stamford warehouse to LTA's warehouse facility in North Bergen, then on to Dress Barn's various nationwide outlets. From March, 1990, to January, 1991, LTA transported approximately 375,000 cartons of merchandise. Dress Barn claims to have not kept records of the movement of the cartons once they left Stamford. However, by July, 1992, Dress Barn determined that 278 cartons were missing. Dress Barn estimates the aggregate value of its loss at $260,615.84. It claims that at least one shipment contained in excess of $10,000 in merchandise.

### DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir.1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (157).

### Exclusivity of Remedy

█ LTA asserts that 42 U.S.C. § 11707 (the "Carmack Amendment") provides for the exclusive remedy for the loss of goods under these circumstances. While this circuit has not addressed this exact issue, analogous cases from courts within this circuit, as well as the weight of authority from other circuits, support LTA's argument. *Philips Consumer Electronics Co. v. Arrow Carrier Corp.*, 785 F.Supp. 436 (S.D.N.Y. 1992), held that the Carmack Amendment governed liability for loss of goods transported in interstate commerce. Similarly, *Starmakers Pub. Corp. v. Acme Fast Freight, Inc.*, 646 F.Supp. 780 (S.D.N.Y.), held that the Carmack Amendment provided a plaintiff's sole remedy against a freight forwarder for breach of contract embodied in a bill of lading.[1] District courts outside this circuit have found the Carmack Amendment to be the exclusive remedy. *See Tokio Marine & Fire Ins. Co. v. Amato Motors, Inc.*, 770 F.Supp. 426 (N.D.Ill.1991) (Carmack Amendment is exclusive remedy against common carrier, preempting alternative common law claims); *Drucker v. O'Brien's Moving & Storage, Inc.*, 745 F.Supp. 616 (D.Nev.1990) (Carmack Amendment is exclusive remedy and preempts state law claims); *Fine Foliage of Fla. Inc. v. Bowman Transp., Inc.*, 698 F.Supp. 1566 (M.D.Fla.1988) (Carmack Amendment governs liability of carrier for damage to goods in interstate travel). The Carmack Amendment is Dress Barn's exclusive possible remedy. The common law claims will be dismissed.

### Pleading Requirements for Carmack Amendment

█ LTA argues that Dress Barn failed to file a written, formal claim within nine

1. While the instant case does not involve a contract embodied in a bill of lading, it does involve loss of goods, an alleged freight forwarder, and transportation across state lines.

months after loss of its goods, thus precluding Dress Barn from seeking judicial relief. The basis for this argument is the Carmack Amendment, which states, in part, the following:

> (e) A carrier or freight forwarder may not provide by rule, contract, or otherwise, a period of less than 9 months for filing a claim against it under this section and a period of less than 2 years for bringing a civil action against it under this section.

42 U.S.C. § 11707. A plain reading of the statutory language undermines LTA's argument. The quoted section simply dictates that a carrier or freight forwarder may not by contract provide for less than a nine month notice of claim period. It does not require that a claimant file its claim within nine months. *See Louisiana & W. R.R. Co. v. Gardiner,* 273 U.S. 280, 47 S.Ct. 386, 71 L.Ed. 644 (1927) (Carmack Amendment prohibits contracts for any shorter period than specified by statute). Carriers have integrated this directive into the Uniform Bill of Lading, which provides for a nine month notice of claim limitation. *Nedlloyd Lines, B.V. Corp. v. Harris Transport Co.,* 922 F.2d 905, 907 (1st Cir.1991). Dress Barn alleges that there was no bill of lading or other written or oral agreement relating to notice requirements. Accepting this as true, dismissal of the action because of the date and/or form of notice is inappropriate.

 LTA also maintains that Dress Barn failed to satisfy the $10,000 amount in controversy requirement for a claim brought under the Carmack Amendment. Pursuant to 28 U.S.C. § 1337(a), federal question jurisdiction exists for Carmack Amendment claims "only if the matter in controversy for each receipt or bill of lading exceeds $10,000...." Although there is some dispute as to the value of the various shipments, Dress Barn alleges that the value of at least a portion of its claim exceeds $10,000. Dress Barn also alleges that it never received any bill of lading. Drawing inferences in favor of Dress Barn, this court finds that Dress Barn has satisfied requirements for subject matter jurisdiction. Moreover, this court has supplemental jurisdiction over claims involving other shipments because each carton shipped

pursuant to the agreement "forms part of the same case or controversy" as the shipment(s) which contained at least $10,000 in goods. 28 U.S.C. § 1367.

### *Venue*

 Finally, LTA contends that venue is improper in this district. The Carmack Amendment provides that "[a] civil action under this section may only be brought ... against the carrier alleged to have caused the loss or damage, in the judicial district in which such loss or damage is alleged to have occurred." 49 U.S.C. § 11707(d)(2)(A)(iii). As it is entirely conceivable that at least some of the goods were lost in Connecticut, this court cannot say that the loss did not occur in Connecticut. Thus, venue is appropriate in this district.

### *CONCLUSION*

For the reasons set forth above, LTA's motion to dismiss [9–1] is GRANTED in part and DENIED in part. The Clerk is directed to dismiss the Second, Third, and Fourth Counts of the Complaint.