**STARMAKERS PUBLISHING CORP., Plaintiff,**

v.

**ACME FAST FREIGHT, INC., Defendant.**

**No. 84 Civ. 8637–CSH.**

United States District Court, S.D. New York.

Sept. 30, 1986.

Bernard Raphan, P.C., New York City, for plaintiff; Bernard Raphan, of counsel.

Moore, Berson, Lifflander & Mewhinney, New York City, for defendant; Charles D. Cole, Jr., New York City, Neil Garson, Garson & Grossman, Fairfax, Va., of counsel.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

Starmakers, a shipper, filed this diversity action pursuant to 28 U.S.C. § 1332 to recover damages for the alleged late delivery of goods shipped by Starmakers pursuant to a contract of carriage with Acme, a freight forwarder.

In a Memorandum Opinion and Order dated July 17, 1985, 615 F.Supp. 787 (S.D. N.Y.1985), familiarity with which is assumed, the Court dismissed all plaintiff's causes of action except for the fourth.

That fourth cause of action alleged that the merchandise entrusted to defendant for delivery had a value of $9,720; and that as a result of defendant's breach of contract, the merchandise "had become unsaleable, unuseable and of no value." Accordingly damages were claimed in the amount of $9,720. Complaint at ¶¶ 18–20.

In accordance with applicable authority, the Court construed the fourth cause of action as one for diminution in the market value of the goods between the time of delivery and the time when they should have been delivered. 615 F.Supp. at 791.

Pre-trial discovery then took place. Defendant now moves for summary judgment dismissing the fourth cause of action and, with it, the complaint. Plaintiff cross-moves for summary judgment in its favor on that cause of action. For the reasons which follow, I deny plaintiff's cross-motion, grant defendant's motion, and direct the entry of summary judgment in defendant's favor, dismissing the complaint with prejudice.

The shipped material in suit consisted of quantities (known in the trade as "dumps") of copies of two posters depicting characters from the movie "The Gremlins." On June 8, 1984 plaintiff delivered the posters to defendant in New York City, for delivery to a company called Circus World in Taylor, Michigan. Circus World was a customer of plaintiff Starmakers, which is in the business of producing, selling, and distributing posters in the entertainment world.

Defendant delivered the posters to Circus World on July 9, 1984. Plaintiff's claim is that delivery should have been made within four days after June 8, 1984.

Defendant served plaintiff with a request to admit that the "value of the [posters] ... on July 9, 1984 was not less than their value on June 8, 1984." Plaintiff's sworn response to that key request consisted of the single word "unknown." Interpreting that rather cryptic response as evidence "that even [plaintiff] had no reason to believe the value of the posters had changed," defendant's brief at 5, defendant moved for summary judgment on the fourth and sole surviving cause of action.

Plaintiff's cross-motion for summary judgment on the fourth cause of action relies upon the affidavits of two of its officers. These affidavits state, in substance, that plaintiff received a purchase order for the Gremlin posters from Circus World on May 14. The affidavit of Abraham Weinberger, plaintiff's vice president, states in part:

"The 'GREMLIN' poster which is the subject matter of this action was to be sold to our customers so that our customers could sell it to retailers who would sell it ultimately to consumers. All of this was timed to coincide with a movie called 'THE GREMLINS,' which was to be shown at the movie theatres. ACME should have delivered the dumps with

[sic] 4 to 5 days after pickup on June 8, 1984." Affidavit at 4.

The cause and consequence of plaintiff's loss are further explained in the Weinberger affidavit (at 7) as follows:

"The value of dumps on June 9, 1984 was $9720.00. On July 9, 1984, the posters were refused by CIRCUS WORLD because they were useless to them as a sales item. It would take two to three weeks after to distribute from the warehouse to their stores. On July 9, 1984, they became worthless to CIRCUS WORLD and certainly worthless to STARMAKERS. We still have the cartons delivered back to us from CIRCUS WORLD sitting on our floor. We cannot sell them for one cent each.

"The merchandise was stale and CIRCUS WORLD did not pay the plaintiff $9720.00. The $9720.00 is the measure of plaintiff's damages."

I conclude from the undisputed facts in this case that plaintiff's remaining claim is one for special damages, and is not recoverable as a matter of law.

■ Plaintiff's sole remedy for the breach of a contract embodied in a bill of lading is that provided by the Carmack Amendment to the Interstate Commerce Act. 49 U.S.C. § 11707.¹ *Starmakers Publishing Corp. v. Acme Fast Freight, Inc.,* 615 F.Supp. 787, 791 (S.D.N.Y.1985). That amendment incorporates the existing common law rules of contract damages. *Comtempo Metal Furniture Co. v. East Texas Motor Freight Lines, Inc.,* 661 F.2d 761, 765 (9th Cir.1981).

■ A breaching party will be liable for those damages which were reasonably foreseeable. *See Corbin on Contracts* § 1011 at 83 (West 1984). Reason to foresee damages will exist where the damages occur in the ordinary, natural course of the typical breach ("ordinary damages"). Reason to foresee will also arise where the damages do not ordinarily and naturally occur, provided that the breaching party had notice, at the time of contracting, of the special circumstances which made such unusual damages probable in the event of a breach ("special damages"). *Starmakers Publishing, supra,* 615 F.Supp. at 791.

■ Plaintiff's only claim for damages is that the late delivery resulted in a total loss of value of the posters. These damages cannot be considered "ordinary." Ordinarily, one would not expect a three week delay in delivery of printed matter in general, or of posters in particular, to result in a total, or even appreciable, loss of value of the goods themselves. Therefore, Acme will be liable for the loss claimed by Starmakers only if Acme had notice that Starmakers was shipping time-sensitive posters that would suffer a catastrophic loss of value if not delivered in time for the movie opening.

■ Plaintiff has failed to show that a genuine issue of fact exists as to such notice. The bill of lading issued to Acme for the goods bears the simple description "Printed Matter" (Exhibit C, Weinberger affidavit). The freight bill bears the notation "carton P2D Matter NOI Discount 20%"; there is uncontroverted testimony in the record from an Acme employee explaining that this notation signifies "printed matter not otherwise indexed." (Gonzalez Dep. at 36). Neither of these notations even remotely suggests that untimely delivery would result in a total loss of value. Nor has the plaintiff come forward on this motion with any reason to believe that the parties' prior dealings should have put defendant on notice of the consequences of delay.

Because plaintiff's claim is for special damages, and because plaintiff has come forward with no evidence that defendant was on notice of the special circumstances that would give rise to such damages, I conclude that defendant's motion for summary judgment should be granted, and plaintiff's cross-motion denied. The Clerk

---

1. The Carmack Amendment provides, in pertinent part, that "[t]he liability imposed under this paragraph is for the actual loss or injury to the property...." 49 U.S.C. § 11707(a)(1).

of the Court is directed to dismiss the complaint with prejudice and with costs.

The foregoing is SO ORDERED.