■ DAVID B. CARRINGTON, Respondent, v H.S. EDINGER, Doing Business as EDINGER TRUCKING COMPANY, et al., Appellants.—Judgment unanimously modified on the law and as

modified affirmed without costs in accordance with the following Memorandum: In this action, plaintiff seeks money damages from defendants to compensate him for the destruction of a jig mill that was being transported for plaintiff from Peoria, Illinois to Cicero, New York. The jig mill was destroyed as the result of a multiple vehicle accident in Illinois. We reject defendants' contention that Supreme Court lacked subject matter jurisdiction. Because this action is controlled by the provisions of the Carmack Amendment (49 USC § 11707), the Federal and State trial courts share concurrent jurisdiction (see, 49 USC § 11707 [d] [2] [B]). Although this action should have been brought in a State or Federal court in Illinois (see, 49 USC § 11707 [d] [2] [A] [iii]), we conclude that defendants waived their objection to plaintiff's choice of venue. Defendants' challenge to venue should have been asserted with or before their answer (see, CPLR 511 [a]; see also, 28 USC § 1406 [b]). Defendants, however, raised no challenge to plaintiff's choice of venue until after the jury had begun its deliberations.

We further conclude that the trial court erred in submitting the issue of loss of use as an item of special damages to the jury, which awarded plaintiff the sum of $15,000 for the loss of use. Special damages, including loss of use, are recoverable under the Carmack Amendment only if the defendant knew or had reason to know that the plaintiff would suffer such damages in the event of nonperformance (see, Contempo Metal Furniture Co. v East Texas Motor Frgt. Lines, 661 F2d 761; Starmakers Publ. Corp. v Acme Fast Frgt., 646 F Supp 780; see also, Chapman v Fargo, 223 NY 32). Here, the proof does not establish that defendants knew or should have known that plaintiff would likely suffer loss of use damages if the jig mill was not delivered as scheduled. Moreover, even assuming that defendants had notice of such special damages, the jury's award for loss of use was not supported by the trial evidence. Plaintiff offered expert testimony to establish his loss of use damages, but that testimony, assuming, arguendo, that it was competent, was insufficient to establish those damages in the absence of proof demonstrating the nature of work that the jig mill would have accomplished, the time period for which plaintiff lost use of the jig mill or the financial consequences of any loss of use. Thus, the jury's award of $15,000 for loss of use is vacated.

We have examined defendants' other contention and find it to be without merit. (Appeal from Judgment of Supreme

Court, Onondaga County, Wells, J.—Summary Judgment.)
Present—Denman, P. J., Pine, Balio, Fallon and Doerr, JJ.