869 F.2d 1172
 16 Media L. Rep. 1380
 Harlan L. JACOBSEN d/b/a Solo RFD and Single Scene, Appellant,
v.
Bill HARRIS, Mayor of the City of Lincoln, Nebraska, in that
capacity, and The City of Lincoln, Nebraska, a
municipality, Appellees.
 No. 88-1066.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Feb. 7, 1989.
Decided March 16, 1989.
Rehearing and Rehearing En Banc Denied April 20, 1989.
 
 Harlan L. Jacobsen, pro se.
 Don W. Taute, Lincoln, Neb., for appellee.
 Before ARNOLD, FAGG and WOLLMAN, Circuit Judges.
 FAGG, Circuit Judge.
 
 
 1
 Harlan L. Jacobsen, a newspaper publisher, brought this action under 42 U.S.C. Secs. 1983 and 1985 to challenge the constitutionality of a City of Lincoln, Nebraska (the City), ordinance regulating newspaper vending machines (newsracks). The district court entered judgment in favor of the City and its Mayor. Jacobsen now appeals pro se, and we affirm.
 
 
 2
 The challenged City ordinance requires that a party wishing to locate a newsrack on City property must complete an application for a permit, pay a permit fee, and obtain liability insurance covering personal injury and property damage. The ordinance also restricts the newsracks' size, type, and location. It does not regulate the content of publications distributed through newsracks that otherwise comply with the ordinance.
 
 
 3
 After a permit application has been filed and the fee paid, City personnel review the application to verify conformity with ordinance specifications. Under the ordinance as amended after the commencement of this case, the City Clerk then must issue a newsrack permit if all the conditions of the ordinance have been met. The ordinance also authorizes the City to impound any newsrack installed without a proper permit. If a newsrack is impounded, the City notifies its owner and sets a date for a hearing on the owner's violation of the ordinance.
 
 
 4
 Jacobsen is the sole proprietor and publisher of SOLO RFD and SINGLE SCENE newspapers, which he distributes primarily through newsracks in several midwestern states. Sometime in early 1986, Jacobsen placed three newsracks on sidewalks in Lincoln without first applying for a permit, paying the permit fee, or obtaining the required insurance. The City advised Jacobsen by letter that his newsracks were in violation of the ordinance and were subject to impoundment. Jacobsen responded with a letter expressing his unwillingness to comply with the ordinance and challenging its constitutionality.
 
 
 5
 When Jacobsen refused to comply with the ordinance, the City impounded Jacobsen's newsracks and scheduled a hearing. The hearing was never held, however, because Jacobsen filed this suit. He asserted the City's ordinance infringed his first amendment, equal protection, and due process rights.
 
 
 6
 The district court granted in part the City's motion for summary judgment, rejecting Jacobsen's equal protection and conspiracy theories for failure to state a claim. The court further held that the Mayor was protected from liability in his individual capacity by the defense of qualified immunity.
 
 
 7
 After a trial to the court on the remaining issues, the district court adopted the previous partial summary judgment rulings. In addition, the court held: (1) the City's interests in safety, aesthetics, planning, and space allocation were significant government interests; (2) the ordinance contained reasonable time, place, and manner restrictions that were narrowly drawn to further those interests (including the permit fee and insurance requirements); and (3) Jacobsen's due process rights had not been violated. The court thus entered judgment for the City and the Mayor on all Jacobsen's claims.
 
 
 8
 On appeal, Jacobsen identifies numerous arguments, only some of which are properly before us. We have carefully studied the City's ordinance in light of those arguments. We agree with the district court that it is a constitutionally drawn time, place, and manner restriction designed to promote significant government interests. See Perry Educ. Ass'n v. Perry Local Educators' Ass'n, 460 U.S. 37, 45, 103 S.Ct. 948, 954-55, 74 L.Ed.2d 794 (1983); Jacobsen v. Crivaro, 851 F.2d 1067, 1070 (8th Cir.1988); see also Members of the City Council v. Taxpayers for Vincent, 466 U.S. 789, 805-07, 104 S.Ct. 2118, 2128-30, 80 L.Ed.2d 772 (1984) (state may legitimately exercise its police powers to advance aesthetic values); Heffron v. International Soc'y for Krishna Consciousness, Inc., 452 U.S. 640, 650, 101 S.Ct. 2559, 2565, 69 L.Ed.2d 298 (1981) (state's interest in protecting safety and convenience of persons using public forum is valid government objective). We also agree with the district court that under the City's ordinance, the permit decision is based on neutral criteria and City officials acted in a manner consistent with the provisions of the ordinance. See City of Lakewood v. Plain Dealer Pub. Co., --- U.S. ----, 108 S.Ct. 2138, 2145, 2150-52, 100 L.Ed.2d 771 (1988).
 
 
 9
 By our decision, we specifically reject Jacobsen's challenges to the ordinance's permit fee and insurance requirement. Although a city cannot profit from the imposition of a permit fee on the exercise of a first amendment right, "fees that cover only the administrative costs of the [permit] are permissible." Jacobsen, 851 F.2d at 1071. The testimony at trial, which was unrebutted by Jacobsen, indicated the amount of the fee in this case covered only the administrative costs associated with processing the permit applications. We thus agree with the district court that the City's permit fee does not offend the Constitution. See id.
 
 
 10
 Regarding the ordinance's mandatory insurance coverage, Jacobsen contends the requirement is an unreasonable restraint on his first amendment rights. Jacobsen argues the absence of a history of claims against the City involving newsracks and the expense of "obtaining a hold harmless insurance policy," in and of themselves, militate against any insurance requirement. Jacobsen does not, however, challenge the district court's finding that "the amount of [coverage] required is reasonable." Thus, we do not consider this issue. See Eastern Conn. Citizens Action Group v. Powers, 723 F.2d 1050, 1057 (2d Cir.1983).
 
 
 11
 The City has a legitimate interest in protecting itself from liability for injuries associated with the use of its property. See id. at 1056. In addition, the City need not provide Jacobsen with the least expensive method of exercising his first amendment freedoms. See Gannett Satellite Information Network, Inc. v. Metropolitan Transp. Auth., 745 F.2d 767, 774 (2d Cir.1984). Here, a City official testified that all individuals using City property are required to carry insurance against claims for personal injury and property damage occurring as a result of any obstructions placed on City property. The same official also testified that although no claims had been filed that were related specifically to newsracks, claims arising from objects placed in the public right-of-way were made quite often. Under these circumstances, we believe the City's insurance requirement, as challenged by Jacobsen, is not invalid.
 
 
 12
 Finally, Jacobsen argues the City violated his due process rights by removing the newsracks before holding a hearing on Jacobsen's violation of the ordinance. Before impounding the newsracks, however, the City gave Jacobsen written notice of the ordinance's requirements and offered him an opportunity to bring his newsracks into compliance. The City also gave Jacobsen written notice and an opportunity for a hearing on whether provisions of the ordinance had been properly enforced in his case. Thus, we agree with the district court's conclusion that Jacobsen has received the due process to which he is entitled.
 
 
 13
 In sum, we find no error in the district court's ruling that the City's ordinance does not infringe Jacobsen's constitutional rights. We decline to review Jacobsen's other arguments that either were not raised in the district court, or were not raised and discussed in his appellate brief. See Hall v. Gus Constr. Co., 842 F.2d 1010, 1016 (8th Cir.1988) (failure to raise); Jasperson v. Purolator Courier Corp., 765 F.2d 736, 740-41 (8th Cir.1985) (failure to raise or discuss).
 
 
 14
 AFFIRMED.