52 F.3d 321
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Lawrence J. ONAN, Plaintiff-Appellant,
v.
The COUNTY OF ROANOKE, Virginia; Elmer Clinton Hodge, Jr.,
Individually and in his capacity as County Administrator;
Donnie Carl Myers; James Elbert Jones; Steven Hayes
Carpenter, Department of Environmental Management,
Defendants-Appellees,
and
George F. Allen, Governor, Commonwealth of Virginia, Defendant.
 No. 94-1770.
 United States Court of Appeals, Fourth Circuit.
 Argued: Feb. 2, 1995.
Decided: April 21, 1995.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, District Judge. (CA-92-913-R)
 ARGUED: Lance Mitchell Hale, LAW OFFICES OF LANCE M. HALE, ESQ., P.C., Roanoke, VA, for Appellant. Elizabeth Kay Dillon, WOODS, ROGERS & HAZLEGROVE, P.L.C., Roanoke, VA, for Appellees. ON BRIEF: Diane M. Baun, WOODS, ROGERS & HAZLEGROVE, P.L.C., Roanoke, VA, for Appellees.
 W.D.Va.
 AFFIRMED.
 Before HALL and LUTTIG, Circuit Judges, and ELLIS, United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Lawrence J. Onan brought this action against his employer, Roanoke County, and a number of its officials for their alleged violation of federal civil rights statutes and the Constitution. The defendants moved for dismissal under Rule 12(b)(6), Fed.R.Civ.P., which the district court treated as a motion for summary judgment and granted as to all claims. Finding no error, we affirm.
 
 I.
 
 2
 In 1986, Lawrence Onan, an employee of Roanoke County's Department of Parks and Recreation, provided a letter to the EEOC in support of a female employee's charge of gender discrimination. Onan later filed his own EEOC charge, alleging that the County had retaliated against him for writing the letter. On April 18, 1989, in settlement of the retaliation claim, the County agreed to place Onan on a protected job status for five years. During that period, Onan contends that he was the object of further retaliation, including false job evaluations, improper pay reductions, and general harassment creating a hostile work environment. On April 26, 1991, the County terminated Onan's employment, and he filed a second EEOC complaint.
 
 
 3
 As a result of grievance panel hearings, Onan was reinstated as an employee, but he contends that he did not receive appropriate pay raises, seniority, or protected job status. On September 4, 1992, Onan received a right-to-sue letter from the EEOC.
 
 
 4
 On December 2, 1992, Onan filed the original complaint in this case, seeking redress under the Fourteenth Amendment, Title VII of the Civil Rights Act of 1964,[1] and sections 1981, 1983, 1985, and 1988 of Title 42. Onan listed six defendants, namely (i) Elmer Clinton Hodge, Jr., as County Administrator, (ii) Douglas Wilder, as Governor of Virginia, (iii) Elmer Clinton Hodge, Jr., individually, (iv) Donnie Carl Myers, individually, (v) James Elbert Jones, individually, and (vi) Steven Hayes Carpenter, individually.[2] On March 19, 1993, Onan filed an amended complaint naming the same defendants, and adding counts for breach of contract, violation of Virginia's statutory grievance procedures, and intentional and malicious discrimination and retaliation.
 
 
 5
 Onan voluntarily dismissed his claims against Wilder on April 26, 1993. The remaining defendants filed motions to dismiss, and Onan filed a motion for a default judgment against Roanoke County, a party not named as a defendant in the original or first amended complaint. Accordingly, the district court denied Onan's motion, allowing him twenty days to file a second amended complaint, during which time defendants' motions to dismiss were held in abeyance. Onan filed a second amended complaint on January 7, 1994, naming as defendants (i) Roanoke County, (ii) Elmer Clinton Hodge, Jr., individually and in his capacity as County Administrator, (iii) Donnie Carl Meyers, individually, (iv) James Elbert Jones, individually, and (v) Steven Hayes Carpenter, individually.
 
 
 6
 By order and opinion of May 17, 1994, the district court then disposed of defendants' motions to dismiss. Because the parties had submitted materials outside the pleadings, the district court treated the motions as ones for summary judgment in accordance with Rules 12(b)(6) and 56, Fed.R.Civ.P. The district court granted summary judgment in the County's favor because the County was not named as a defendant until the second amended complaint, which was filed January 7, 1994, long after the expiration of the 90-day limitations period following the issuance of the right-to-sue letter by the EEOC. See 42 U.S.C. Sec. 2000e-5(f)(1). The district court granted summary judgment for each of the individual defendants on the grounds (i) that they were not liable under Title VII because they were not named in the EEOC charge, (ii) that 42 U.S.C. Sec. 1983 does not provide a remedy for Title VII violations, and (iii) that Onan did not have actionable claims under 42 U.S.C. Sec. 1981 or Sec. 1985. Having dismissed all of Onan's federal claims, the district court then declined to exercise supplemental jurisdiction over Onan's remaining state claims, and thus dismissed them without prejudice. See 28 U.S.C. Sec. 1367(c)(3). Onan appeals from the district court's order on several grounds, each of which is separately addressed.
 
 II.
 
 7
 The district court dismissed Onan's Title VII claims against Roanoke County as untimely. Title VII requires that a suit alleging its violation must be filed within 90 days of the plaintiff's receipt of a right-to-sue letter from the EEOC. 42 U.S.C. Sec. 2000e-5(f)(1). Onan received an EEOC letter authorizing suit against Roanoke County on September 4, 1992. While he filed his original complaint on December 2, 1992, well within 90 days of the letter's date, he did not name the County as a defendant. The County was not named as a defendant until the second amended complaint, filed January 7, 1994. Thus, Onan's Title VII claims against the County are timely only if they "relate back" to the time the original complaint was filed.
 
 
 8
 Rule 15(c)(3), Fed.R.Civ.P., provides that Onan's claims against the County relate back only if his second amended complaint "changes the party or the naming of the party against whom a claim is asserted."[3] In other words, Rule 15(c)(3) permits a plaintiff to name a new defendant in place of an old one, but does not permit a plaintiff to name a new defendant in addition to the existing ones. See, e.g., Wilson v. United States Government, 23 F.3d 559, 563 (1st Cir.1994); Worthington v. Wilson, 8 F.3d 1253, 1256 (7th Cir.1993); In re Kent Holland Die Casting & Plating, Inc., 928 F.2d 1448, 1449 (6th Cir.1991); Jacobson v. McIlwain, 145 F.R.D. 595, 603 (S.D. Fla.1992); Jordan v. Tapper, 143 F.R.D. 567, 573-74 (D.N.J.1992).[4] In his original complaint, Onan named Elmer Hodge twice, once as County Administrator and once as an individual. In his second amended complaint, Onan again named Elmer Hodge as a defendant in both his official and individual capacities, but also added the County as a new, additional defendant.[5] Because Onan did not add Roanoke County as a defendant in place of one of the original defendants, his claims against the County do not relate back, and therefore were not timely raised.
 
 III.
 
 9
 The district court dismissed Onan's Title VII claims against the four individual defendants on the ground that the individuals were not named as respondents in Onan's EEOC complaint. Title VII precludes a plaintiff from stating a claim against any defendant not named as a respondent in an EEOC charge. 42 U.S.C. Sec. 2000e-5(f)(1). This naming requirement serves to put the named party on notice of a claim against it before a lawsuit is filed, thus permitting that party to resolve the claim by conciliation and voluntary compliance. See Mickel v. South Carolina State Employment Service, 377 F.2d 239, 242 (4th Cir.), cert. denied, 389 U.S. 877 (1967). This circuit recognized a narrow exception to the naming requirement in Alvarado v. Board of Trustees, 848 F.2d 457 (4th Cir.1988). There, Alvarado was permitted to maintain an action against the board of trustees of Montgomery Community College, even though his EEOC complaint named only the college itself, an entity lacking authority to sue or be sued under Maryland law. Judge Murnaghan, speaking for a unanimous panel, concluded that it would be "hypertechnical" to find a violation of the Sec. 2000e-5(f)(1) naming requirement where the board of trustees was legally identical to the college. Id. at 458-60. In the instant case, the district court properly concluded that none of the individual defendants is identical to Roanoke County, the only party named as respondent in the EEOC charge.[6] Because the Alvarado exception to the naming requirement of Sec. 2000e-5(f)(1) is inapplicable here, the district court did not err in dismissing Onan's Title VII claims against each of the individual defendants.[7]
 
 IV.
 
 10
 The district court dismissed Onan's Sec. 1983 claims because they were based entirely on rights derived from Title VII. The Supreme Court has held that Sec. 1985(3) does not provide a remedy for a violation of rights created by Title VII. Great American Federal Savings & Loan Ass'n v. Novotny, 442 U.S. 366 (1979). To hold otherwise would be to allow a plaintiff with Title VII claims to circumvent the administrative processes created by the Title VII statute. Id. at 375-76. For the same reason, a Sec. 1983 action may not be based solely on a violation of rights created by Title VII. See Saulpaugh v. Monroe Community Hospital, 4 F.3d 134, 143 (2d Cir.1993), cert. denied, 114 S.Ct. 1189 (1994); Allen v. Denver Public School Board, 928 F.2d 978, 982 (10th Cir.1991); Gray v. Lacke, 885 F.2d 399, 414 (7th Cir.1989), cert. denied, 494 U.S. 1029 (1990); Greenwood v. Ross, 778 F.2d 448, 455 (8th Cir.1985); Day v. Wayne County Board of Auditors, 749 F.2d 1199, 1204-05 (6th Cir.1984); Irby v. Sullivan, 737 F.2d 1418, 1428 (5th Cir.1984).[8] Because Onan asserted no basis for his Sec. 1983 claims except his Title VII rights, the district court properly dismissed the claims.
 
 V.
 
 11
 Finally, the district court treated defendants' motions to dismiss as one for summary judgment. Where a defendant files a motion to dismiss for failure to state a claim upon which relief can be granted, the district court may, sua sponte, convert the motion to one for summary judgment if (i) matters outside the pleadings are presented to the court, (ii) all parties are given notice that the dismissal motion may be treated as one for summary judgment, and (iii) all parties receive a reasonable opportunity to conduct discovery and present pertinent materials. Fed.R.Civ.P. 12(b)(6); Gay v. Wall, 761 F.2d 175, 177 (4th Cir.1985). In this case, both Onan and the defendants submitted exhibits with their memoranda addressing the motion to dismiss. Further, this circuit has held that "when a party is aware that material outside the pleadings is before the court, the party is on notice that a Rule 12(b)(6) motion may be treated as a motion for summary judgment." Gay v. Wall, 761 F.2d at 177. And finally, Onan had a reasonable opportunity to, and in fact did, submit relevant materials. See Goyette v. DCA Advertising Inc., 830 F.Supp. 737, 741 (S.D.N.Y.1993) (holding that party cannot complain of lack of reasonable opportunity to submit materials if both sides have already filed affidavits). Although Onan had no opportunity to conduct discovery, he has not specifically identified any discovery that he was prevented from conducting that would have had a material effect on the district court's rulings. A party cannot persuasively complain that it was denied the opportunity to submit further materials where it has not established that it had something relevant to present. See Chaparro-Febus v. International Longshoremen Ass'n, Local 1575, 983 F.2d 325, 332 (1st Cir.1992); Farries v. Stanadyne/Chicago Division, 832 F.2d 374, 377 (7th Cir.1987); Moody v. Town of Weymouth, 805 F.2d 30, 31 (1st Cir.1986).[9] In Gay v. Wall, a panel of this court found that the district court's conversion to summary judgment was improper because the plaintiff had been prejudiced in responding to the defendants' affidavits by his inability to complete further discovery. Id. There has been no such showing of prejudice here. As a result, it is plain that the district court did not err by its sua sponte conversion of defendants' motions to dismiss.
 
 VI.
 
 12
 In sum, the district court's opinion is affirmed in all respects.
 
 AFFIRMED
 
 
 [1]
 42 U.S.C. Sec. 2000e et seq
 
 
 [2]
 At the time of the disputed events, Hodge was Roanoke's County Administrator, Myers was Assistant County Administrator, Carpenter was Director of Parks and Recreation, and Jones was Assistant Director of Parks and Recreation
 
 
 [3]
 Rule 15(c)(3) provides several other requirements for relation back of an amended complaint that names a new defendant, namely that (i) the claims in the original and amended complaint arose out of the same conduct, transaction, or occurrence, (ii) within the 120-day period provided by Rule 4(m) for service of the summons and complaint, the new defendant received notice of the action such that it will not be prejudiced in maintaining a defense, and (iii) within the same 120-day period, the new defendant "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against" it. Because Onan's second amended complaint adds an additional party and therefore does not relate back, it is unnecessary to decide whether these additional Rule 15(c)(3) requirements were met here
 
 
 [4]
 Onan's reliance on Maxey v. Thompson, 680 F.2d 524 (7th Cir.1982), is misplaced. In Maxey, the plaintiff filed an EEOC charge against the Illinois Department of Revenue, but named its director as a defendant in his complaint. Maxey amended his complaint to substitute the Department of Revenue in place of the director, and the Seventh Circuit panel held that the amended complaint related back under Rule 15(c). Id. at 526. Yet, the court did not indicate whether Maxey's amended complaint would have related back had it named both the department and its director as defendants
 
 
 [5]
 The situation would be different had Onan's second amended complaint added the County as a defendant, but named Elmer Hodge only in his individual capacity. In that event, Onan might plausibly argue that he changed from one party to another, that is, that the amendment added the County in place of the County Administrator
 
 
 [6]
 Virginia counties, unlike Maryland community colleges, are authorized by statute to sue and be sued directly. Va.Code Sec. 15.1-508. Process must be served on the county attorney. Id. Thus, Onan properly could have filed an EEOC complaint and a Title VII civil suit against the County, the individual defendants, or both
 
 
 [7]
 Onan suggested at oral argument, though not in his initial or reply brief, that his claims against the individual defendants pass muster under a broader exception to Title VII's naming requirement that has won judicial acceptance. The Alvarado opinion discussed this broader "substantial identity" exception, but found it unnecessary to decide whether to adopt it. 848 F.2d at 459, 461. Because Onan failed to raise this argument in his briefs, and presented it for the first time at oral argument, we need not reach the argument's merits. See Jacobsen v. Harris, 869 F.2d 1172, 1174 (8th Cir.1989); Miller v. Fairchild Industries, Inc., 797 F.2d 727, 738 (9th Cir.1986); cf. Hankerson v. North Carolina, 432 U.S. 233, 240 n. 6 (1977) (constitutional question raised solely at oral argument was not properly before Court)
 The individual defendants also argue that dismissal of the Title VII claims against them was proper because they are not individually liable as "employers" within the meaning of Title VII. See 42 U.S.C. Sec. 2000e(b). Because Onan did not satisfy Title VII's naming requirement with respect to these defendants, it is unnecessary to reach this alternative ground for dismissing the claims against the individual defendants.
 
 
 [8]
 This circuit's decision in Keller v. Prince George's County, 827 F.2d 952 (4th Cir.1987), is not to the contrary. There, the court merely held that Title VII does not preempt a Sec. 1983 action that is based on a Fourteenth Amendment right, rather than on a right created by Title VII. Id. at 956 n. 3; see also Beardsley v. Webb, 30 F.3d 524, 526-27 (4th Cir.1994) (finding Title VII does not preempt Sec. 1983 sexual harassment claim based on Fourteenth Amendment)
 
 
 [9]
 Thus, a district court's conversion to summary judgment is not error where the non-moving party does not establish specific reasons why further discovery and submission of materials was required. Similarly, Rule 56(f), Fed.R.Civ.P., protects a party opposing a summary judgment motion who can state valid reasons why it cannot present facts essential to justify its opposition. Yet, the rule requires, as was not done here, the submission of affidavits that specifically describe the reasons further discovery is necessary. See Nguyen v. CNA Corp., 44 F.3d 234, 242 (4th Cir.1995)