**ALPHA INTERNATIONAL TRADING CO., Plaintiff,**

v.

**MAERSK, INC., Defendant.**

**No. 3:00CV533–H.**

United States District Court, W.D. North Carolina, Charlotte Division.

March 27, 2001.

Robert K. Trobich, Charlotte, NC, for plaintiff.

Robert C. Bowers, Moore & Van Allen, Charlotte, NC, Reid G. Hinson, Law Offices of Reid G. Hinson, P.A., Charlotte, NC, for defendant.

### MEMORANDUM AND ORDER

HORN, Chief United States Magistrate Judge.

**THIS MATTER** is before the Court on the Defendant's "Motion to Dismiss" and "Motion to Transfer Venue" as contained in the Defendant's "Answer" (document # 2) filed November 20, 2000; and "Brief in Support" (document # 7) filed February 8, 2001. The Plaintiff's "Motion for Leave to Amend Complaint" (document # 8) and "Memorandum ... in Opposition to ... Motion to Dismiss" (document # 9) were filed February 22, 2001. The time for filing any further response or reply has long expired.

The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c), and these motions are now ripe for disposition.

Having carefully reviewed the pleadings, record, arguments of counsel, and applicable authority, the Court will *grant* the Plaintiff's Motion to Amend, *grant* the Defendant's Motion to Dismiss, *deny* the Defendant's Motion to Transfer Venue as moot, and *dismiss* the Amended Complaint, as discussed below.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiff, Alpha International Trading Co. ("Alpha"), is a North Carolina corporation with its principal place of business in Mecklenburg County, North Carolina. The Defendant, Maersk, Inc. ("Maersk"), is a New York corporation with its principal place of business in New Jersey.

The Plaintiff contracted with the Defendant to carry frozen chicken parts in refrigerated containers onboard Defendant's ships bound for the Port of Aqaba, Jordan. The containers left the Port of Charleston, South Carolina, on three different vessels, the *Maersk Munkebo*, the *Sealand Lightning*, and the *Louis Maersk*, departing April 25, 1999, May 8, 1999, and July 23, 1999, respectively. The shipments were to be delivered to the Port of Aqaba no later then July 31, 1999.

In Aqaba,[1] each shipment was rejected by officials of the Jordanian Ministry of Health because monitoring equipment indicated that, due to cuts in electrical power in route, the temperature had fluctuated inside the refrigerated containers. The Plaintiff requested that the Defendant take the containers out of Jordan, repackage them, and attempt re-delivery in Jordan. The Plaintiff alleges that "apparently" the Defendant shipped the containers to Rotterdam, Netherlands.[2]

On October 12, 2000, the Plaintiff filed a Complaint in the Superior Court of Mecklenburg County, North Carolina, alleging claims of relief for breach of contract, conversion, and unfair and deceptive trade practices in violation of N.C. Gen.Stat. § 75–1.1 *et seq.*

On November 15, 2000, the Defendant removed the state action to this Court based on diversity jurisdiction. Removal

---

1. The record does not reflect the exact dates that the ships arrived in Aqaba, but the parties agree that the shipments were rejected on or about the end of July 1999.

2. The record does not reflect the exact manner in which the chicken was finally disposed.

appears to be proper and has not been challenged by the Plaintiff.

On November 20, 2000, the Defendant filed its Answer, including a Motion to Dismiss for failure to file the action within one year of the alleged loss as required by the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C.A. §§ 1300–1315, or in the alternative, a Motion to Transfer Venue to the United States District Court for the Southern District of New York, in accordance with a forum selection clause in the bills of lading.[3] These motions have been briefed as set forth above.

On February 22, 2001, the Plaintiff filed its Motion for Leave to Amend Complaint, seeking to add claims of relief for negligence and punitive damages. In light of the liberality given to motions to amend under the Rules of Civil Procedure, the undersigned will *grant* the Plaintiff's Motion for Leave to Amend Complaint and will consider the Amended Complaint, attached to Plaintiff's motion, in determining the Defendant's Motion to Dismiss.

## II. *DISCUSSION*

### A. *Standard of Review*

"A motion to dismiss under [Fed. R.Civ.P. 12(b)(6) ] tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin,* 980 F.2d 943, 952 (4th Cir.), *cert. denied,* 510 U.S. 828, 114 S.Ct. 93, 126 L.Ed.2d 60 (1993), *citing* 5A C. Wright & A. Miller, *Fed. Practice and Procedure* § 1356 (1990).

"A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any

state of facts which could be proved in support of [the subject] claim." *McNair v. Lend Lease Trucks, Inc.,* 95 F.3d 325, 328 (4th Cir.1996)(*en banc*), *citing Rogers v. Jefferson–Pilot Life Ins. Co.,* 883 F.2d 324, 325 (4th Cir.1989); *and Johnson v. Mueller,* 415 F.2d 354, 355 (4th Cir.1969). *Accord Republican Party of NC,* 980 F.2d at 952 ("A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief") (internal citation omitted).

In considering a Rule 12(b)(6) motion, the complaint must be construed in the light most favorable to the nonmoving party, assuming factual allegations to be true. *See, e.g., Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993); *Martin Marietta v. Int'l Tel. Satellite,* 991 F.2d 94, 97 (4th Cir.1992); *and Revene v. Charles County Comm'rs,* 882 F.2d 870, 872 (4th Cir.1989).

### B. *Plaintiff's Claims are Precluded by the One Year Statute of Limitations in COGSA*

Bills of lading for the carriage of "goods by sea to or from ports of the United States, in foreign trade" are governed by COGSA, 46 U.S.C.App. §§ 1300–1315, which contains a one year statute of limitation. *See* 46 U.S.C.App. § 1303(6). It is undisputed that the Plaintiff did not file its Complaint until over one year after the alleged loss and, further, the Plaintiff concedes that its contract claim is barred by COGSA. *See* Plaintiff's "Memorandum . . . in Opposition to . . . Motion to Dis-

---

**3.** The cases cited below from the Southern District of New York demonstrate that in either venue, the Plaintiff's claims will be held time barred.

miss" at 2 (document # 9). The only remaining issue is whether the COGSA statute of limitation also bars the Plaintiff's tort and unfair and deceptive trade practices claims as well.

There is no Fourth Circuit authority on point to this issue, although, in dictum, the Court has cited with apparent approval the First Circuit's holding that the COGSA limitations period applies to tort claims. *See Wemhoener Pressen v. Ceres Marine Terminals, Inc.,* 5 F.3d 734, 741 (4th Cir. 1993), *citing, Barretto Peat, Inc. v. Luis Ayala Colon Successors, Inc.,* 896 F.2d 656, 661 (1st Cir.1990) (extending COGSA statute of limitations to conversion claims). *Accord Miller Export Corp. v. Hellenic Lines, Ltd.,* 534 F.Supp. 707, 711 (S.D.N.Y. 1982) (extending COGSA limitations period to tort claims allegedly arising before loading or after unloading).

Furthermore, although not necessary for determination of the instant motion, the undersigned finds persuasive the Eleventh Circuit's recent decision that not only does COGSA's limitations period apply to tort claims, but that COGSA *preempts* such claims, even if timely filed. *See Polo Ralph Lauren, L.P. v. Tropical Shipping & Const. Co., Ltd.,* 215 F.3d 1217, 1220 (11th Cir.2000) ("because COGSA governs during the time after cargo is loaded and before it is removed from the ship ... COGSA ... supersedes other laws.") *Accord Sail America Found. v. M/V T.S. PROSPERITY,* 778 F.Supp. 1282, 1285 (S.D.N.Y.1991); *St. Paul's Fire & Marine Insurance Co. v. Marine Transportation Services Sea–Barge Group, Inc.,* 727 F.Supp. 1438, 1442 (S.D.Fla.1989); *and B.F. McKernin & Co. v. United States Lines, Inc.,* 416 F.Supp. 1068, 1071 (S.D.N.Y.1976).

The Fifth Circuit authority which Plaintiff cites does reach an opposite conclusion from *Polo* regarding COGSA *preemption* of other claims. However, these cases do not preclude the application of the COGSA statute of limitations on these facts. *See Associated Metals and Minerals Corp. v. ALEXANER'S UNITY MV,* 41 F.3d 1007, 1012 (5th Cir.1995) (allowing Plaintiff to seek a maritime lien—a tort remedy—concurrent with a COGSA claim, but stating that as to all claims, defendant "may, and in appropriate cases undoubtedly will, plead defenses provided by COGSA" and "we do not denigrate the importance, application, or defenses of COGSA"); *and Metropolitan Wholesale Supply, Inc. v. M/V Royal Rainbow,* 12 F.3d 58, 60–61 (5th Cir.1994) (COGSA statute of limitations applies to tort claims arising *prior to* unloading.)

In short, even assuming *arguendo* that Plaintiff can bring tort and unfair and deceptive trade practices claims concurrently with its COGSA contract claim, those claims are barred, as is the contract claim, by COGSA's one year statute of limitations. *Accord Polo,* 215 F.3d at 1220; *and Barretto Peat, Inc.,* 896 F.2d at 661. Therefore, the undersigned will *grant* the Defendant's motion to dismiss.

### III. *ORDER*

**NOW THEREFORE, IT IS ORDERED:**

1. The Plaintiff's "Motion for Leave to Amend Complaint" (document # 8) is **GRANTED.**

2. Defendant's "Motion to Transfer Venue" as contained in the Defendant's "Answer" (document # 2) is **DENIED AS MOOT.**

3. Defendant's "Motion to Dismiss" as contained in the Defendant's "Answer" (document # 2) is **GRANTED** and the Amended Complaint is hereby **DISMISSED WITH PREJUDICE.**

4. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.