MIRACLE OF LIFE, LLC; Brooke Faville; Dr. Leonard Coldwell & Dr. Thomas Hohn, Plaintiffs,

v.

NORTH AMERICAN VAN LINES, INC.; Atlantic Transfer & Storage Co.; and Stevens International Forwarders, Defendants.

No. 2:04–0307–23.

United States District Court, D. South Carolina, Charleston Division.

April 19, 2005.

---

Jennifer L. North, Sullivan's Island, SC, for Plaintiffs.

R. Hawthorne Barrett, Turner, Padget, Graham, and Laney, P.A., Columbia, SC, for Defendants.

## *ORDER*

DUFFY, District Judge.

This matter is before the court upon Defendant Stevens International Forwarders' ("Stevens") Motion to Dismiss the Second Amended Complaint. For the reasons set forth herein, Stevens' motion is denied.

## *BACKGROUND*

Plaintiffs Miracle of Life, LLC, Brooke Faville, and Dr. Leonard Coldwell are owners of "TimeOut System," which provides health and stress relief services to individuals. Plaintiffs also sell licenses of TimeOut Centers and the TimeOut System, support, and related products to other health care providers. Around November 27, 2001, Plaintiff Dr. Thomas Hohn bought a Time Out Center and the furniture, appurtenances, and products to continue this business in Germany, his country of residence. Dr. Hohn was to be the general manager of TimeOut Centers in Europe. Dr. Hohn agreed to pay $100,000 per year for use of the System, and ordered products from Miracle of Life, LLC in excess of $688,950 for the initial inventory necessary to conduct business.

Plaintiff Brooke Faville made arrangements to ship the office furniture and other items from Charleston, South Carolina to Germany with ATS, a company that Plaintiffs allege was an agent of NAVL. On December 18, 2002, Dr. Hohn received a partial shipment of his goods. Plaintiffs claim that many of the items Dr. Hohn had ordered were missing, and others were damaged beyond repair, making his new business venture untenable. After attempts to resolve this with the respective insurance carriers,[1] Plaintiffs instigated this action on December 15, 2003 alleging the following causes of action: (1) breach of contract (Count One); (2) breach of contract accompanied by a fraudulent act (Count Two); (3) civil conspiracy (Count Three); (4) conversion (Count Four); (5) fraud and misrepresentation (Count Five); (6) negligence (Count Six); (7) promissory estoppel (Count Seven); and (8) violation of the South Carolina Unfair Trade Practices Act (Count Eight).[2] ATS removed the case to this court on February 3, 2004

---

1. Plaintiffs have brought a separate action (C.A. No. 2:04–2181–23) against Pac Global Insurance Brokerage, Inc. alleging breach of contract and bad faith refusal to pay a claim.

2. Plaintiffs originally sued ATS and NAVL, and joined Defendant Stevens by filing an Amended Complaint on October 4, 2004.

on the basis that the Carmack Amendment to the I.C.C. Termination Act, 49 U.S.C. §§ 13101 *et seq.*, preempts each of Plaintiffs' causes of action. (Notice of Removal, ¶ 4). The court agreed, but afforded Plaintiffs' fifteen days to file a Second Amended Complaint to reassert claims pursuant to the Carmack Amendment. Plaintiffs did so, and Defendant Stevens now moves to dismiss the claims against him pursuant to "the claims filing period and statute of limitations under the Carriage of Goods by Sea Act ('COGSA'), or, in the alternative, the Carmack Amendment." (Def. Mem. at 1).

### ANALYSIS

#### A. Standard of Review

A Rule 12(b)(6) motion should be granted only if, after accepting all wellpleaded allegations in the complaint as true, it appears certain that Plaintiffs cannot prove any set of facts in support of their claims that entitles them to relief. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir.1999). The complaint should not be dismissed unless it is certain that the plaintiff is not entitled to relief under any legal theory that might plausibly be suggested by the facts alleged. *Mylan Labs. Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). Further, "[u]nder the liberal rules of federal pleading, a complaint should survive a motion to dismiss if it sets out facts sufficient for the court to infer that all the required elements of the cause of action are present." *Wolman v. Tose*, 467 F.2d 29, 33 n. 5 (4th Cir.1972).

#### B. Statute of Limitations for the Carmack Amendment or COGSA

Defendant Stevens raises two arguments in support of dismissal—first, that Plaintiffs' claims are barred by the statute of limitations of COGSA, and alternatively, that Plaintiffs' claims are barred by the statute of limitations of the Carmack Amendment should COGSA not apply. The court considers each basis for dismissal in turn.

#### 1. COGSA

Defendant Stevens contends that Plaintiffs' claims against it are governed by COGSA, rather than the Carmack Amendment, because COGSA applies to the ocean portion of any foreign shipment. COGSA governs "every bill of lading ... which is evidence of a contract for the carriage of goods by sea to or from ports of the United States [and] in foreign trade." 46 U.S.C. app. § 1300; *see also Schramm v. Shipco*, 364 F.3d 560, 565 (4th Cir.2004)("COGSA applies from the loading of goods until the discharge of the goods from the vessel."). As Stevens argues, COGSA contains a one-year statute of limitations from the date when the goods were delivered:

> In any event the carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after delivery of the goods or the date when the goods should have been delivered.

46 App.U.S.C. § 1303(6); *see also Alpha Int'l Trading Co. v. Maersk, Inc.*, 141 F.Supp.2d 580, 583 (W.D.N.C.2001) (holding that COGSA claims must be brought within one year from the time at which the loss occurred). Plaintiffs do not dispute that COGSA contains this statute of limitations, but contends that "Plaintiffs made a claim and filed suit against those parties it believed to be responsible within that time period." (Pl. Resp. at 5).

In support of this argument, Plaintiffs first argue that the amended pleadings adding Stevens relate back to the date of the original pleadings. Unfortunately, relation back would not save Plaintiffs from COGSA's statute of limitations should that statute apply. Rule 15(c)(3) allows an amendment of a pleading to re-

late back to the date of the original pleading when

> the amendment changes the party or the naming of the party against whom a claim is asserted if [the amended pleading arose out of the transaction set forth in the original pleading] and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed.R.Civ.P. 15(c)(3). In the court's opinion, the plain language of the rule only contemplates relation back when a new party is substituted for an existing plaintiff, and not in the present situation where a new party is simply added.

The Fourth Circuit has verified this reading of the rule. In *Onan v. County of Roanoke*, 1995 WL 234290, at *1, 1995 U.S.App. LEXIS 9085, at *1 (4th Cir. Apr. 21, 1995),[3] the court held that Rule 15(c)(3) does not allow for the addition of parties. In *Onan*, a county employee sued several local officials under Title VII and other statutes. 1995 WL 234290, at *1, 1995 U.S.App. LEXIS 9085, at *1–7. After the expiration of the 90–day statute of limitations, the plaintiff moved for leave to amend to add the county as a defendant. The court refused to allow the plaintiff's

newly asserted claims to relate back because "Rule 15(c)(3) permits a plaintiff to name a new defendant in place of an old one, but does not permit a plaintiff to name a new defendant in addition to the existing ones." 1995 WL 234290, at *2, 1995 U.S.App. LEXIS 9085, at *6 (citing *Wilson v. United States Government*, 23 F.3d 559, 563 (1st Cir.1994)); *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir.1993) (stating that an amendment can relate back "to correct a misnomer of a defendant where the proper defendant is already before the court and the effect is ... to correct the name under which he is sued. But a new defendant cannot.. be ... added by amendment after the statute of limitations has run."). Other district courts within this district have reached the same conclusion. *See Schieszler v. Ferrum College*, 233 F.Supp.2d 796, 801 (W.D.Va.2002) (stating that the phrase "changes the party or the naming of the party" in Rule 15(c)(3) "implies an alteration to the parties in the existing set, not an addition to the set"); *Lambright v. Rhone–Poulenc Rorer Pharmaceuticals Inc.*, 1995 WL 375589, at *1, 1995 U.S. Dist. LEXIS 8541, at *1, 5 (D.Md. June 19, 1995) ("[A]lthough Rule 15(c)(3) permits a plaintiff to name a new defendant in place of an old one, it does not allow her to name a new defendant in addition to the existing ones."). Thus, both the plain language of Rule 15(c)(3) and clear precedent from this circuit would bar Plaintiffs attempt to add Stevens after the COGSA statute of limitations, should COGSA apply.[4]

---

**3.** As the court in *Schieszler v. Ferrum College*, 233 F.Supp.2d 796 (W.D.Va.2002) noted, little relevant Fourth Circuit case law exists as to whether Rule 15(c)(3) permits amendments that name additional parties. 233 F.Supp.2d at 800. Ordinarily, this circuit does not favor reference to unpublished decisions. No other Fourth Circuit decision, however, adequately addresses this point of law.

**4.** Importantly, while the *Onan* court acknowledged Rule 15(c)(3)'s other requirements—including the requirements of notice and mistake concerning identity—the court ended its analysis when it determined that Rule 15(c)(3) did not allow the addition of new parties. *See Onan*, 1995 WL 234290, at *2, 1995 U.S.App. LEXIS 9085, at *7 n. 3 ("Because Onan's second amended complaint adds an additional party and therefore does not relate back, it

■ As Plaintiff points out, however, the difficulty in the present matter is that discovery is ongoing, and it remains unclear precisely where, and under which Defendants' care, the alleged damage to Plaintiffs' goods occurred. Pursuant to Fed.R.Civ.P. 12(b)(6), the court must draw all factual inferences in Plaintiffs' favor. Plaintiffs' complaint does not aver that Stevens was solely responsible for ocean transportation, nor that the damage occurred solely during ocean transportation. Accordingly, the court cannot conclude that COGSA is the only statute under which Stevens might face liability. Instead, as Plaintiffs contend, Stevens might well face liability under the Carmack Amendment. *See* Pl. Resp. at 6 ("Whether COGSA or Carmack applies depends on the unique facts of this case."). Accordingly, the court cannot grant dismissal to Stevens under the theory that Plaintiffs' claims are barred by COGSA, as it may be that COGSA is not the relevant statutory authority.[5]

### 2. Carmack Amendment

Stevens' alternative argument in support of dismissal is that Plaintiffs' claims are also time-barred under the Carmack Amendment. Actions brought against carriers for goods lost or damaged in interstate shipment are governed by the Carmack Amendment. 49 U.S.C. § 14706(d). As the Fourth Circuit has stated, "[t]he

only statutorily specified limitations relating to the time for filing a claim under the Carmack Amendment are restrictions imposed on the parties' authority to contract for time limitations, as set forth in § 11707(e)." *Shao v. Link Cargo (Taiwan) Ltd.,* 986 F.2d 700, 707 (4th Cir. 1993). That section provides:

> A carrier or freight forwarder may not provide by rule, contract, or otherwise, a period of less than 9 months for filing a claim against it under this section and a period of less than 2 years for bringing a civil action against it under this section. The period for bringing a civil action is computed from the date the carrier or freight forwarder gives a person written notice that the carrier or freight forwarder has disallowed any part of the claim specified in the notice.

49 U.S.C. § 11707(3). Section 11707(e) "is not a statute of limitations, but a statutory determination of what is a reasonable period of time for a carrier to impose for filing a claim." *See Louisiana & W.R.R. v. Gardiner,* 273 U.S. 280, 284, 47 S.Ct. 386, 71 L.Ed. 644 (1927) (holding that an earlier version of § 11707 was not intended to operate as a statute of limitation but rather was meant to "restrict[ ] the freedom of carriers to fix the period within which suit could be brought...."); *Yamazen U.S.A., Inc. v. Chicago and Northwestern Transp. Co.,* 790 F.2d 621, 623 (7th Cir.1986)

---

is unnecessary to decide whether these additional Rule 15(c)(3) requirements were met here."); *Lambright,* 1995 WL 375589, at *2, 1995 U.S. Dist. LEXIS 8541, at *5–6. Here, even assuming that COGSA applies and that Rule 15(c)(3) allowed for the addition of new parties, Plaintiffs could not satisfy Rule 15(c)(3)'s requirements.

**5.** Plaintiffs Second Amended Complaint is admittedly vague as to the precise basis for liability against each Defendant. In adjudicating motions to dismiss under Rule 12(b)(6), the court must apply the notice

pleading requirements of Fed. R Civ. P. 8(a)(2). Rule 8(a)(2) provides that a complaint need provide only "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has interpreted Rule 8 "not to require a claimant to set out in detail the facts upon which he bases his claim." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) (internal quotations omitted); *see Bennett v. Schmidt,* 153 F.3d 516, 518 (7th Cir.1998) (finding that a complaint need not allege "any" facts).

("Courts have similarly held that [49 U.S.C. § ] 11707 does not operate as a rigid statute of limitations but rather sets forth a reasonable time limit for filing."). The Carmack Amendment thus contemplates that limitation periods are terms to be bargained over between shipper and carrier, so long as the minimum conditions of § 11707(e) are met. *See Swift Textiles, Inc.,* 799 F.2d at 704 n. 4 ("The Carmack Amendment on its face contemplates that the choice of a statute of limitation is to lie with the shipper subject to the minimum time limit prescribed by the Act.... [T]he Act clearly anticipates statutes of limitations and legislatively approves any limitation period exceeding two years.").

■ Here, the court need not reach the question of the bargained for limitations periods contained in any bill of lading, as under Plaintiffs' version of the facts (which the court must accept as true for purposes of this motion), Plaintiffs satisfied the minimum requirement carriers must provide to shippers under § 11707. Plaintiffs aver that they discovered their loss on December 18, 2002, and notified the receiving carrier ATS on January 2, 2003, well within the nine month time period. Also according to Plaintiffs, they began the written claims process on March 11, 2003 and never received a disallowance as provided for in the statute. On December 15, 2003, just shy of one year after the damage occurred, Plaintiffs instigated this action. Given these facts, and the fact that Plaintiffs allegedly were not informed that Stevens was involved in the transaction until after they filed the present lawsuit, the court believes that Stevens had notice of a

claimed filed against it within the relevant time periods established by § 11707.[6]

## CONCLUSION

It is therefore **ORDERED,** for the foregoing reasons, that Defendant Stevens' Motion to Dismiss is **DENIED.**

### AND IT IS SO ORDERED.

---

6. In short, there remain dramatically different factual accounts as to when Plaintiffs learned of their claims (June 10, 2002 by Stevens' account vs. December 18, 2002 by Plaintiffs' account), and of any steps taken to effectuate the written claims process. These differences lead the court to conclude that, for purposes of Rule 12(b)(6), Plaintiffs have set forth suffi-

cient facts upon which relief may be afforded. Accordingly, the court must deny Stevens' motion to dismiss at this stage. If it later becomes clear precisely what role Stevens played in the alleged negligence, and for example, that COGSA's one year statute of limitations is applicable, Stevens is free to move for summary judgment on this basis.