# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3124
_____

Harlan L. Jacobsen, Editor/Publisher of Missouri Casino Fun, Diabetes Cure 101, Country Singles, 18 Wheel Singles, Add 15 Years

*Plaintiff - Appellant*

v.

Kevin Keith, Director of Missouri Department of Transportation, Individually and in that capacity; Don Hillis, Director of System Management, Missouri Department of Transportation, Individually and in that capacity; Stacy Armstrong, Roadside Management, Individually and in that capacity; Rich Tiemeyer, Chief Counsel, Individually and in that capacity

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City
_____

Submitted: April 2, 2013
Filed: April 5, 2013
[Unpublished]
_____

Before BYE, ARNOLD, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Harlan Jacobsen brought a civil-rights action claiming defendants denied him due process and violated his right to free speech under the United States Constitution and the Missouri Constitution. Specifically, Jacobsen challenged the constitutionality of two sets of Missouri regulations, one promulgated in 2001 and the other in 2011, that concerned publication vending machines at interstate highway rest areas in Missouri. The district court[1] granted defendants' summary judgment motion and denied Jacobsen's summary judgment motion. He appeals. We conclude for the following reasons that the judgment was proper. See Myers v. Lutsen Mts. Corp., 587 F.3d 891, 892 (8th Cir. 2009) (de novo review); see also State v. Vaughn, 366 S.W.3d 513, 517 n.3 (Mo. 2012) (free-speech protections of United States and Missouri Constitutions "are comparable").

First, even if the State had designated its rest areas as public fora--as Jacobsen argues--the challenged regulations were constitutional speech restrictions, as they were content-neutral and narrowly tailored to serve Missouri's significant interests of promoting rest-area safety and aesthetics. See Victory Through Jesus Sports Ministry Found. v. Lee's Summit R-7 Sch. Dist., 640 F.3d 329, 334 (8th Cir. 2011) (content-neutral speech regulations in designated public forum must be narrowly tailored to serve significant government interest, and leave open ample alternative channels of communication); La Tour v. City of Fayetteville, 442 F.3d 1094, 1097 (8th Cir. 2006) (ordinance is content-neutral if justified without reference to content of regulated speech); Jacobsen v. Harris, 869 F.2d 1172, 1174 (8th Cir. 1989) (city regulation limiting newsrack size, type, and location was narrowly drawn to serve significant government interests of safety and aesthetics).

Next, the licensing-fee requirement was constitutionally permissible because it covered only administrative costs. See Jacobsen, 869 F.2d at 1174. Likewise, the

---

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

2011 regulation that required publishers to pay for and install coin mechanisms on state-provided newsracks if they wanted to charge for their newspapers was permissible, as the State need not provide the most cost-effective method of distribution, and the regulations did not deny access to the fora in question. See Jacobsen v. City of Rapid City, 128 F.3d 660, 664-65 (8th Cir. 1997) (First Amendment does not grant plaintiff right to "most cost-effective means of expression or distribution"; newsrack regulations were constitutional so long as they did not deny access within forum). Last, Jacobsen's due process rights were not violated when the State seized his noncompliant newsracks from rest areas without prior notice or a predeprivation hearing. See Mathews v. Eldridge, 424 U.S. 319, 335 (1976) (to determine "specific dictates of due process," courts should look to three factors: private interest affected by official action; risk of erroneous deprivation of that interest through procedures used, and probable value of additional procedures; and government's interest); Jacobsen, 869 F.2d at 1174 (no due process violation where government provided plaintiff written notice of newsrack ordinance requirements, provided opportunity for him to comply, impounded his newsracks upon his refusal to comply, and scheduled hearing).

Accordingly, we affirm the judgment of the district court.

_____