**CLARKE LOGISTICS, a corporation; and Royal & SunAlliance Insurance Company, a corporation Plaintiffs,**

v.

**THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY, a corporation; and Doe One through Doe Ten, Defendants.**

No. CIV. 04CV0734 J(JMA).

United States District Court, S.D. California.

Nov. 18, 2004.

Joshua E. Kirsch, Gibson Robb and Lindh, San Francisco, CA, for Plaintiffs.

Leslie Gail McMurray, Law Offices of Leslie G. McMurray, Valley Village, CA, for Defendants.

### ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

JONES, District Judge.

On March 18, 2004, Plaintiffs Clarke Logistics and Royal SunAlliance Insurance Company (collectively "Plaintiffs") filed a Complaint in state court alleging breach of contract against Defendant Burlington Northern & Santa Fe Railway Company ("Defendant"). On April 12, 2004, the action was removed to federal district court pursuant to 28 U.S.C. § 1441(b).

Currently before the Court is Defendant's Motion for Summary Judgment ("Motion"). Plaintiffs oppose the Motion and have filed a Declaration of Roger Bisonette in support of their Opposition to Summary Judgment. Defendant has filed Objections to the Declaration ("Objections"). The Court has determined the issues presented herein are appropriate for decision without oral argument. *See* Civil Local Rule 7.1.d.1. For the reasons set forth below, the Court **FINDS** Defen-

dant's Objections moot and **GRANTS** Defendant's Motion for Summary Judgment.

### *Background*

The following facts are from Plaintiffs' perspective in compliance with the summary judgment standard set forth below. On December 6, 2002, Plaintiff Clarke Logistics ("Clarke"), a freight forwarder, arranged for frozen strawberries to be carried by Defendant from San Diego, California to Stoney Creek, Ontario. (Compl. at ¶¶ 1, 4.) Plaintiff Royal & SunAlliance Insurance Company ("Royal") insured the cargo. (*Id.* at ¶ 6.) In breach of contract, Defendant delivered the cargo damaged. As a result, Royal lost $19,870.80 in insurance policy proceeds and Clarke lost $10,792.92 in policy deductible, or a total loss of $30,663.72. (*Id.* at ¶¶ 5–7.) Plaintiffs brought this suit for breach of contract seeking to recover damages, prejudgment interest, and costs. (*Id.* at ¶ 7.) Defendant now moves for summary judgment.

The following facts are undisputed by either party: (1) Defendant's Rules Book 6100–A required that claims for loss or damage be filed within three months of the date of delivery as a condition precedent to filing suit; (2) Defendant's BNERM–1 [1] required that claims for loss or damage be filed within three months of the date of delivery as a condition precedent to filing suit; (3) the shipper [2] specified that expired rate quote BNSFQ 110454 would govern the shipment; (4) Defendant applied rate quote BNSFQ 108381, Rev. 56 to the shipment [3]; (5) the cargo was delivered on December 18, 2002; (5) Defendant offered the shipper alternative Carmack

---

1. The BNERM–1 is Defendant's document entitled "Exempt Memorandum 1 Series." (Opp'n at 2.)

2. The shipper was California Splendor acting through its agent Innovative Cold Storage Enterprises ("ICE") on Clarke's instruction.

(Hamilton's Decl. at ¶ 6, Ex. B; Pls.' Mem. of P & A. at 2–3.)

3. Plaintiffs contend that the quote was applied without their consent. (Pls.' Statement of Uncontroverted Facts at ¶ 6.)

Amendment terms at the time of shipment within Rules Book 6100–A; (6) Rules Book 6100–A required lawsuits for loss or damage to be filed within one year of the date of delivery as a condition precedent to filing suit; (7) this suit was not filed within one year of the date of delivery. (Def.'s Statement of Uncontroverted Facts at ¶¶ 2–4, 5, 8, 10, 15, 17; Pls.' Statement of Uncontroverted Facts at ¶¶ 2–4, 5, 8, 10, 15, 17.)

### Legal Standard

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is warranted when the moving party demonstrates that the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). One of the principal purposes of the rule is to dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In considering a motion for summary judgment, the court must examine all the evidence in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). The court must not make credibility determinations, weigh any evidence, or draw inferences from the facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The party seeking summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548. An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. If the moving party does not bear the burden of proof at trial, it need not produce evidence to negate the non-moving party's claim, but rather can satisfy the initial burden by demonstrating that the non-moving party failed to make a showing sufficient to establish an essential element of that party's case. *Id.* at 322–23, 106 S.Ct. 2505; *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). If the moving party does bear the burden of proof at trial, it must demonstrate that no disputed material fact exists regarding each element of its case. *See Celotex*, 477 U.S. at 322–23, 106 S.Ct. 2548; *Zenith Elecs. Corp. v. Panalpina, Inc.*, 68 F.3d 197, 201 (7th Cir.1995).

In making its determination as to the moving party's initial burden, the court "may limit its review to the documents submitted for the purpose of summary judgment and those parts of the records specifically referenced therein." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1030 (9th Cir.2001). The court is not obligated to "scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir.1996) (citing *Richards v. Combined Ins. Co.*, 55 F.3d 247 251 (7th Cir.1995)). If the moving party fails to discharge the initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–160, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

If the moving party does meet the initial burden of establishing the absence of a genuine issue of material fact, then the burden shifts to the nonmoving party to "set forth specific facts showing there is a genuine issue for trial." *Anderson*, 477 U.S. at 256, 106 S.Ct. 2505. It is insufficient for the party opposing summary judgment to "rest on mere allegations or denials of his pleadings." *Id.* Rather, the party opposing summary judgment must

"by her own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548 (quoting Fed. R. Civ. P 56(c)). Genuine issues of material fact remain if the issues "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250, 106 S.Ct. 2505.

### Discussion

Plaintiffs allege Defendant breached the terms of the carriage contract by delivering the cargo in damaged condition. (Compl. at ¶ 5.) Defendant contends this suit is barred by enforceable contractual conditions precedent requiring claims be filed within three months and suits be brought within one year of delivery. (Def.'s Mem. of P. & A. at 5.) Defendant explains that both expired quote BNSFQ 110454[4] the shipper selected to govern the shipment and then current quote BNSFQ 108381 Rev. 56[5] Defendant applied to the shipment contained the relevant conditions. (*Id.* at 5–6.) Plaintiffs contend Defendant failed to give sufficient notice of these conditions precedent as a matter of law or, alternatively, that material issues of disputed fact exist regarding reasonable notice. (Pls.' Mem. of P. & A. at 5.)

### I. Defendant's Initial Burden

■ At trial, Defendant bears the burden of proving that liability is barred by conditions precedent. *G.E.J. Corp. v. Uranium Aire, Inc.*, 311 F.2d 749, 752 (9th Cir.1962). To meet its initial burden, Defendant must demonstrate a prima facie

case such that a jury would find for it or, in other words, show that no disputed material fact exists regarding the conditions precedent. *See Celotex*, 477 U.S. at 322–23, 106 S.Ct. 2548; *Zenith Elecs. Corp.*, 68 F.3d at 201.

### A. Relevant Law

■ Under the Carmack Amendment, "[a] rail carrier may not provide by rule, contract, or otherwise, a period of less than 9 months for filing a claim against it under this section and a period of less than 2 years for bringing a civil action against it under this section." 49 U.S.C. § 11706(e);[6] *Comsource Indep. Foodservice Companies, Inc. v. Union Pac. R. Co.*, 102 F.3d 438, 442 (9th Cir.1996). So long as the shipper has the option of shipping goods under the terms of the Carmack Amendment, however, the parties may contract to limit their liability. 49 U.S.C. § 10502(e); *Comsource*, 102 F.3d at 442; *Yamazen U.S.A. v. Chicago & Northwestern Transp.*, 790 F.2d 621, 623 (7th Cir. 1986). For the limitations to be effective against the carrier, the shipper must be given "reasonable notice of the liability limitation and the opportunity to obtain information necessary to making a deliberate and well-informed choice." *Comsource*, 102 F.3d at 444 (quoting *Hughes Aircraft Co. v. North Am. Van Lines, Inc.*, 970 F.2d 609 (9th Cir.1992)).

■ The caselaw on the requirements for reasonable notice is unclear, but the Ninth Circuit has offered the following relevant factors as guidelines: (1) whether the limitation was "specifically brought to

---

4. This quote is dated effective from June 9, 2000 until its expiration on June 8, 2001. (Hamilton's Decl. at ¶ 20, Ex. F.)

5. This quote is dated effective from November 22, 2002 until its expiration on June 30, 2003. (Hamilton's Decl. at ¶ 7, Ex. C.)

6. This section was previously codified as 49 U.S.C. § 11707(c).

the shipper's attention," (2) "the shipper's 'sophistication, abundant experience, or extensive prior dealings with a carrier'," (3) whether the shipper "drafted the contract and directly negotiated its terms," and (4) whether the limitation "was specifically reproduced in the bill of lading." *Id.* Incorporation of a lawful contract reproducing the applicable terms in a bill of lading "will serve to bind the shipper ... even in the absence of a signature, at least where the shipper is provided a copy of that bill of lading or otherwise put on notice of its terms." *State Farm Fire & Cas. Co. v. United Van Lines, Inc.*, 825 F.Supp. 896, 898, 901 (N.D.Cal.1993).

**B. Factual Application**

As evidence the shipper had an option to select Carmack Amendment terms, Defendant provides quote BNSFQ 110454[7] which includes the clause: "Subject to the terms and conditions of BN Exempt Memorandum 1 Series (BNERM 1–Series)." (Def.'s Mem. of P. & A. at 8–11, 19–20; Hamilton's Decl. at ¶ 20, Ex. F.) Defendant further provides BNERM 1–Series, 1997 version, which expressly offers alternative Carmack Amendment terms in Item 207. (Def.'s Mem. of P. & A. at 8–11, 19–20; Hamilton's Decl. at ¶ 21, Ex. G.) Additionally, Defendant provides BNERM 1–Series, 2002 version, which cancelled Item 207 stating "For provisions to apply, see Section 6, BNSF Rules Book 6100–Series." (Def.'s Mem. of P. & A. at 8–11, 19–20; Hamilton's Decl. at ¶ 20, Ex. H.) Plaintiffs do not dispute that Rules Book 6100–A[8] offered alternative Carmack Amendment terms. (Pls.' Statement of Uncontroverted Facts at ¶ 10.) Defendant also offers a Declaration by Ronald Hamilton, Defendant's Director of Claims Solutions, as evidence that the shipper failed to select these alternative terms and instead paid the standard rate. (Def.'s Mem. of P. & A. at 10–11; Hamilton's Decl. at ¶ 9.)

Defendant explains that both conditions precedent were expressly included in the standard rate contract selected by the shipper whether expired quote BNSFQ 110454 or then current quote BNSFQ 108381 Rev. 56 governed the shipment. (Def.'s Mem. of P. & A. at 13–15, 20.) As evidence, Defendant provides quote BNSFQ 110454 generally indicating the terms and conditions of BNERM 1–Series apply as discussed above. (Hamilton's Decl. at ¶ 20, Ex. F.) Defendant further provides BNERM 1–Series, 1997 version, which expressly limits liability to claims filed within three months and to suits filed within one year in Items 209(B) and (H). (*Id.* at ¶ 21, Ex. G.) Additionally, Defendant provides BNERM 1–Series, 2002 version, which cancelled Item 209 stating "For provisions to apply, see Section 6, BNSF Rules Book 6100–Series." (*Id.* at Ex. H, Item 209.) Defendant also provides quote BNSFQ 108381 Rev. 56 which states "Prices are subject to BNSF Rules Book 6100–Series" and, in reference to the applicability of fuel surcharge provisions, that "[a] copy of this Rules Book may be obtained via the internet at: www. BNSF.com." (Id. at ¶¶ 7–8, Ex. C.) Plaintiffs do not dispute that Rules Book 6100–A contained the relevant conditions precedent. (Pls.' Statement of Uncontroverted Facts at ¶¶ 2, 15.) Thus, Defendant argues that under either quote the conditions precedent were applicable. (Def.'s Mem of P. and A. at 13–15, 20.)

---

7. The parties do not dispute this expired quote was referenced by the shipper as governing the shipment. (Def.'s Statement of Uncontroverted Facts at ¶ 4; Pls.' Statement of Uncontroverted Facts at ¶ 4.)

8. Rules Book 6100–A is dated effective January 1, 2001. (Hamilton's Decl. at ¶ 9, Ex. D.)

The parties do not dispute that the cargo was delivered on December 18, 2002, or that this suit was filed more than one year from that date. (Def.'s Statement of Uncontroverted Facts at ¶¶ 8, 17; Pls.' Statement of Uncontroverted Facts at ¶¶ 8, 17.) Defendant further asserts that Plaintiffs admit a claim was not submitted within three months in a letter dated September 9, 2003 [9] which acknowledged a formal claim had not been filed by February 19, 2003.[10] (Def.'s Mem. of P. & A. at 12–13; Hamilton's Decl. at ¶ 16, Ex. E at 71.) For the conditions precedent to be enforceable, however, Defendant must show that Plaintiffs had reasonable notice and the opportunity to obtain information necessary to making a deliberate and well-informed choice. *Comsource*, 102 F.3d at 444.

The first relevant factor in determining reasonableness is whether the limitations were "specifically brought to the shipper's attention[.]" *Comsource*, 102 F.3d at 444. As evidence the conditions were brought to the shipper's and to Plaintiffs' attention, Defendant points to the references to documents containing the conditions in both the potentially applicable quotes as discussed above. (Def.'s Mem. of P. & A. at 8–10, 13–15.) Plaintiffs admit the shipper selected quote BNSFQ 110454, which referenced documents with the relevant conditions, to govern the shipment. (Pls.' Statement of Uncontroverted Facts at ¶ 4.) Furthermore, Defendant provides a letter addressed to Clarke dated January 6, 2003, stating "an actual claim needs to be filed within three months" and directing Plaintiff to Section 6 of Rules Book 6100–

A, available on line, for "additional information concerning the terms and conditions." (Def.'s Mem. of P. & A. at 12; Hamilton's Decl. at ¶¶ 10–17, Ex. E at 55.) Defendant also offers a second letter dated January 17, 2003, similarly stating the need to file a claim within three months. (Def.'s Mem. of P. & A. at 12–13; Hamilton's Decl. at ¶¶ 10–17, Ex. E at 58.) These letters specifically brought the time limitations on filing claims to Clarke's attention. Although the letters arrived after the shipment, they did provide additional notice such that a timely claim could have been filed. *Comsource*, 102 F.3d at 444.

The second relevant factor is "the shipper's 'sophistication, abundant experience, or extensive prior dealings with a carrier'[.]" *Id.* Defendant contends that both the shipper and Clarke were long term, sophisticated customers aware of Rules Book 6100–Series application to their shipments. (Def.'s Mem. of P. & A. at 18, 19.) In support, Defendant points out that quote BNSFQ 110454 was issued to Clarke on June 9, 2000, about two and a half years before the shipment. (Hamilton's Decl. at ¶ 20, Ex. F; Def.'s Mem. of P. & A. at 18, 19.)

The third relevant factor is whether the shipper "drafted the contract and directly negotiated its terms[.]" *Id.* Without directly addressing this factor, Defendant points out that quote BNSFQ 110454 was specifically identified to the shipper and Clarke. (Def.'s Mem. of P. & A. at 18–19; Hamilton's Decl. at ¶ 20, Ex. F.) Furthermore, Plaintiffs admit the shipper selected quote BNSFQ 110454 to govern the ship-

**9.** Defendant's reference to Plaintiffs' response to Request for Admissions admitting California Splendor, Inc., E.D. Smith & Sons, and Clarke Logistics did not file a claim within three months is inconclusive as it does not address whether ICE might have filed a time-

ly claim. (Def.'s Mem. of P. & A. at 6; McMurray's Decl. at Ex. B.)

**10.** Plaintiffs assert a letter of intent to file a claim was timely submitted. (Pls.' Mem. of P. & A. at 2.) This does not refute the fact that no actual claim was timely filed.

ment. (Pls.' Statement of Uncontroverted Facts at ¶ 4.) As discussed above, this quote referenced documents that included the relevant conditions.

The fourth relevant factor is whether the limitation "was specifically reproduced in the bill of lading." *Comsource*, 102 F.3d at 444. Defendant provides electronic waybill No. 806531 and explains it functioned as a bill of lading and a receipt. (Def.'s Mem. of P. & A. at 21–22; Hamilton's Decl. ¶ 5, Ex. A.) Although the waybill does not on its face reproduce the terms and conditions governing the shipment, it does reference quote BNSFQ 110454 as the relevant contract. (*See* Hamilton's Decl. ¶ 5, Ex. A.) Moreover, the shipper also produced a bill of lading which references the same quote BNSFQ 110454. (*See id.* at ¶ 6, Ex. B.)

██ Considering the above factors as applied to this case, the Court **FINDS** that Defendant has met its burden of proof in showing that Defendant gave reasonable notice of the contractual conditions. Defendant has made a sufficient showing that the shipper selected the quote referencing documents containing the relevant conditions, the quote and documents were available to the shipper for about two and a half years before the shipment, under both potentially applicable quotes the relevant conditions were referenced, and Defendant followed up by drawing specific attention to the limitation on filing claims in letters to Clarke. Therefore, the Court **FINDS** that Defendant meets its initial burden for summary judgment by demonstrating that no disputed material fact exists regarding each element of its case. *See Celotex*, 477 U.S. at 322–23, 106 S.Ct. 2548; *Zenith*, 68 F.3d at 201.

## II. Sufficiency of Plaintiffs' Factual Showing

The burden now shifts to Plaintiffs to show specific facts such that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256, 106 S.Ct. 2505; *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548. Although Plaintiffs argue Defendant failed to give reasonable notice of the conditions precedent, Plaintiffs do not provide factual evidence contradicting the content of the relevant quotes, Rules Book 6100–A or BNERM–1. Nor do Plaintiffs contest that the shipper selected the quote referring to documents containing the relevant conditions, the conditions were available to Plaintiffs for about two and a half years prior to shipment, and Defendant specifically notified Plaintiffs of the conditions by sending two letters. Instead, Plaintiffs merely contend that notice requiring cross reference to other documents is not reasonable. (Pls.' Mem. of P. & A. at 7–8.) This argument, however, fails to rise to the level of a specific fact presenting a genuine issue for trial.

Additionally, Plaintiffs dispute Defendant's contention that no claim was filed within three months by asserting a letter of intent to file was filed. (Pls.' Statement of Uncontroverted Facts at ¶ 9.) Plaintiffs, however, do not argue or provide any evidence that a letter of intent was sufficient to fulfill the condition. Furthermore, Plaintiffs do not contradict Clarke's admission, by letter dated September 9, 2003, that a timely claim was not submitted. (Def.'s Mem. of P. & A. at 12–13; Hamilton's Decl. at 16, Ex. E at 71.)

Plaintiffs further contend that Clarke lacked knowledge of the conditions at the time of shipment. (Pls.' Mem. of P. & A. at 5.) In support, Plaintiffs rely on Roger Bisonnette's, Manager of Claims for Clarke, Declaration that *he* was not aware of the conditions. (Bisonnette's Decl. at ¶¶ 2, 4.) Whether an individual employee is actually aware of the conditions is not relevant to whether Defendant gave reason-

able notice. Furthermore, Defendant is required only to give reasonable notice to the *shipper*, not third parties. *Comsource*, 102 F.3d at 444. Since the contents of the Declaration of Roger Bisonette are not helpful to Plaintiffs' argument, the Court **FINDS** Defendant's Objections to such declaration moot.

Finally, Plaintiffs contend that the application of quote BNSFQ 108381 is erroneous. (Pls.' Mem. of P. & A. at 4–6.) Regardless of which quote is applied, however, the underlying conditions are the same. For these reasons, the Court *FINDS* that Plaintiffs fail to meet their burden of showing specific facts such that there is a genuine issue for trial. Therefore, the Court **GRANTS** Defendant's Motion for Summary Judgment.

### Conclusion

For the reasons set forth above, the Court **FINDS** Defendant's Objections to Declaration of Roger Bisonette moot and **GRANTS** Defendant's Motion for Summary Judgment.

**IT IS SO ORDERED.**